HENRY BECKERLE, Respondent, *v.* HENRY WEIMAN,
Appellant.

#### June 6, 1882.

Proof that the person injured by a collision with a carriage on the highway
was riding on the left side of the highway, is not conclusive evidence of
contributory negligence on his part; and will not, of itself, prevent a
recovery for the injury sustained.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

C. A. SCHNAKE, for the appellant: Up to the moment
of the injury, the negligence of the plaintiff mingles, as an
efficient and equally operating cause, with the negligence
of the defendant. — Rev. Stats., sect. 6971; *O'Donnell* v.
*Railroad Co.*, 7 Mo. App. 190; *Buesching* v. *Gas-Light
Co.*, 73 Mo. 219.

E. L. GOTTSCHALK, for the respondent: The fact that
plaintiff was on the wrong side of the street will not pre-
vent a recovery. — 1 Thomp. on Neg. 383; *Jones* v. *An-
dover*, 10 Allen, 20; *Clay* v. *Wood*, 5 Esp. 44; *Chaplin*
v. *Hawes*, 3 Car. & P. 555; *Simmonson* v. *Stillenmerf*, 1
Edm. Sel. Cas. 194.

LEWIS, P. J., delivered the opinion of the court.

This is an action for damages sustained in the killing of
the plaintiff's horse, by the negligence and recklessness of
the defendant. The plaintiff was driving in his buggy
westward, on Picotte Street, in the city of St. Louis, while
the defendant was driving eastward, on the same street, in
a wagon containing three persons. The shaft of defend-
ant's wagon was driven into the right shoulder of the plain-
tiff's horse, whereby the animal was almost instantly
killed. There was a verdict for the plaintiff.

All the reasons urged by the defendant for a reversal of the judgment depend upon his single proposition, underlying them, that the plaintiff was guilty of contributory negligence in being on the wrong side of the street. It is assumed that, in going toward the west it was his duty to keep at all times on the north, or right-hand side of the street, whereas he was, in fact, near the curb on the south, or left-hand side. No authority is shown us for the legal proposition thus presented, nor can any be found. Revised Statutes, section 6971, requires that, when persons travelling with vehicles shall meet on any highway, they shall seasonably turn to the right of the centre of the road. But it is expressly provided that the section shall not apply to any case " unless some injury to person or property shall occur by the driver of the carriage, wagon, or other vehicles refusing or neglecting to turn to the right of the beaten track." It cannot be pretended, in this case, that the collision was caused by the plaintiff's refusing to turn to the right of the beaten track, when the defendant came suddenly upon him. An attempt to do so would have made collision still more unavoidable. Aside from the condition of meeting another vehicle, neither the statute nor any custom prohibited the plaintiff from using any part of the street, in all its width and length, which he might find most convenient or agreeable for the purpose of travel. Wherever he might be, however, he should conform to the statute when opportunity offered, unless the conditions were such, without fault on his part, as to render it impossible for him to do so. In that event, of course, his failure could not be imputed to negligence, contributory or otherwise.

The testimony in this case tended to show that the plaintiff was driving in a walk near the curb, at a gait sufficiently slow to enable him to keep up a continuous conversation with a lady acquaintance who walked along near him on the sidewalk. This evidence was not contradicted. The testi-

mony conflicted as to the speed made by the defendant. One witness said that he was galloping his horse, and another that he was driving as fast as he could go. The defendant testified that he had a loose tire, and that he drove no faster than a man walked beside the wagon. It is incredible that, with both horses going at a walk, such a destructive collision could have occurred. The jury, under the instructions, seem to have been of opinion that the destructive speed was on the defendant's side, and that it was sufficient to constitute a misdemeanor under a city ordinance which was read in evidence. We find no error in the instructions. The defendant does not attempt to show any, except as they seem to conflict with his views of the plaintiff's duty to remain always on the north side of the street, when the destination is westward, and with his deductions therefrom.

We think that the case was fairly tried, and that the judgment must be affirmed. All the judges concur.