HEINTZ, JR., Appellant, v. ST. LOUIS TRANSIT COMPANY, Respondent.

St. Louis Court of Appeals, January 2, 1906.

1. STREET RAILWAYS: Negligence: Last-Chance Rule. In an action against a street railway company for injuries received by plaintiff by collision with a car while attempting to cross defendant's tracks, where there was no evidence as to the distance in which a car could be stopped if running at the rate of speed the colliding car was running, the last-chance doctrine could not be applied.

2. ————: Ringing Bell: And in such case, where the plaintiff saw the car approaching before starting to cross the track and knew the danger, the negligence of the motorman in failing to ring the bell would not afford a ground of recovery.

3. CONTRIBUTORY NEGLIGENCE: Misjudging Speed. A traveler about to approach a street railway track may be excused for misjudging the speed at which a car is approaching the crossing, so that such misjudgment will not necessarily make him guilty of contributory negligence in case he is hurt; but a motorman cannot be excused for misjudging the speed of his car or the space in which it might be stopped, because of the skill and experience required by his position.

4. ————: ————: Where one about to cross a street railway track, saw a car approaching, but misjudged the speed of the car, and for that reason was struck by it and injured, if the

appearance of the car as it approached was such as might deceive a man of ordinary prudence, the question whether he was negligent so as to preclude recovery was a question for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

REVERSED AND REMANDED (*with directions*).

*Charles Erd, Frank B. Coleman* and *Block & Sullivan* for appellant.

Even though the plaintiff was guilty of negligence in crossing defendant's track, yet if the motorman saw, or by the exercise of reasonable care, might have seen, the dangerous position in which plaintiff had placed himself, in time to have prevented the injury, and failed to do so, defendant was negligent and plaintiff is entitled to a verdict. Scullin v. Railroad, 184 Mo. 695; Morgan v. Railroad, 159 Mo. 262; Kreis v. Railroad, 131 Mo. 533; Hanlon v. Railroad, 104 Mo. 391; Kellny v. Railroad, 101 Mo. 67; Dunkman v. Railroad, 95 Mo. 232; Kelly v. Railroad, 75 Mo. 138; Meyers v. Transit Co., 99 Mo. App. 363; Hutchinson v. Railroad, 88 Mo. App. 376; Dieter v. Zbaren, 81 Mo. App. 612; Klockenbrink v. Railroad, 81 Mo. App. 351; McAndrews v. Railroad, 81 Mo. App. 233; Cooney v. Railroad, 80 Mo. App. 226; White v. Railroad, 34 Mo. App. 57; Gulich v. Clark, 51 Mo. App. 26; Frick v. Railroad, 5 Mo. App. 435; Kemping v. Railroad, 3 Mo. App. 581; Davis v. Mann, 10 Mees. and W. 546. The violation of the city ordinances as to speed on the occasion in question was negligence *per se,* and it directly contributed to plaintiff's injuries. Speed ordinances are police regulations and are binding upon street railway companies, whether accepted or not. Hutchison v. Railroad, 161 Mo. 253; Jackson v. Railroad, 157 Mo. 621; Sullivan v. Railroad, 117 Mo. 226; Schleroth v. Railroad, 96 Mo. 515; Keim v. Railroad, 90 Mo. 314; Gebhardt v. Transit Co., 97

Mo. App. 363; Sepetowski v. Transit Co., 102 Mo. App. 110; Kolb v. Transit Co., 102 Mo. App. 148. Where there is uncertainty, either as to negligence or contributory negligence, the question is not one of law, but of fact to be determined by the jury; and this, too, whether the uncertainty is raised by a conflict of testimony, or because fair-minded men may draw different conclusions from undisputed facts. Gratiot v. Railroad, 116 Mo. 466; Murray v. Transit Co., 108 Mo. App. 501; Dairy Co. v. Transit Co., 98 Mo. App. 26.

*Sears Lehmann* with *George W. Easley* for respondent; *Boyle & Priest* of counsel.

The petition as set out in the statement makes no allegation that defendant's motorman after he saw or should have seen plaintiff in a position of danger could have avoided the accident. What is not pleaded cannot be a basis of recovery. Hartman v. Transit Co., 87 S. W. 86. The evidence showed that plaintiff drove on the track in front of a car which he knew was coming and does not bring the case under the humanitarian doctrine. The demurrer accordingly should have been sustained. Roenfeldt v. Railroad, 180 Mo. 554; Fanning v. Railroad, 103 Mo. App. 157; Cogan v. Railroad, 101 Mo. App. 179; Molineux v. Railroad, 81 Mo. App. 25; Hanselman v. Railroad, 88 Mo. App. 123; McGauley v. Railroad, 179 Mo. 583; Asphalt and Granitoid Cons. Co. v. Railroad, 102 Mo. App. 469.

BLAND, P. J.—On October 30, 1903, about 5:30 p. m., plaintiff was driving his two-horse wagon on the west side of Broadway, in the city of St. Louis. Defendant has a double railroad track in the center of Broadway. Cars traveling north run on the east track and those traveling south run on the west track. Plaintiff attempted to cross the tracks by driving diagonally to the east side of the street. His horses were traveling

in a walk. When plaintiff started across the street he looked south and saw a car about one-half block, or one hundred and fifty feet away, traveling north. He did not stop or hurry his team but proceeded to cross the track in a walk. The car overtook him just as the front wheel of his wagon rolled over the east rail of the east ·track. The wagon was pushed back to the west track, the horses thrown and dragged under the car and plaintiff was thrown from the wagon to the ground. The wagon and horses were damaged and plaintiff received injuries. He recovered a verdict for twenty-five. hundred dollars.

· At the close of plaintiff's evidence the defendant moved the court for a peremptory instruction to find for it which the court refused to give. One of the errors assigned in the motion for new trial is the refusal of the court to give this instruction. The court granted a new trial on the sole ground that it was of the opinion that error was committed in refusing defendant's said instruction. Plaintiff appealed from the order granting a new trial.

The negligence alleged was the failure of the motorman to ring the bell as required by ordinance, running the car at a prohibited rate of speed, and violation of the vigilant-watch ordinance. In addition to the facts above stated, plaintiff's evidence is that the car was running at a speed of twenty-five miles per hour; that the motorman did not ring the bell or check the speed of the car until it was within five or ten feet of the wagon; that it was not dark and a large electric light hanging near the scene of the accident was lighted. There is no evidence as to the distance in which a car running at a speed of twenty-five miles per hour could be stopped. The want of such evidence eliminates from the case the application of the humanitarian or last-chance doctrine and leaves for consideration only two acts of negligence alleged and proven: first, the failure of the motorman to ring the bell; second, running the

car at a prohibited rate of speed. The first affords plaintiff no right of action or ground of complaint, for the reason he saw the car before, or at the time, he turned to cross the track; to have rung the bell would not have warned him of a danger he did not know of before he was in a position of peril. [Murray v. Transit Co., 176 Mo. 183, 75 S. W. 611.] In respect to the second act of negligence—running the car at a prohibited rate of speed—we may repeat what has often been ruled by all the appellate courts of the State, namely, that it is negligence *per se* to run a street car at a speed prohibited by a city ordinance. Plaintiff proved a good cause of action by offering the ordinance in evidence and proving its violation. But it is insisted that, notwithstanding defendant's negligence in running its car at a prohibited rate of speed, it is not liable, for the reason plaintiff's own evidence conclusively shows he was guilty of negligence that contributed to his injury. Plaintiff testified that he saw the car coming at "full speed," when he turned his horses to cross the track and thought he would have time to cross before the car would overtake him, but could not tell at what rate of speed the car was traveling. His judgment was at fault, and if he is to be convicted of negligence, as a matter of law, it must be on the ground that he did not realize the speed at which the car was running. He was in front of the car and it was coming toward him. In this situation it was difficult, if not impossible, for him to correctly estimate its speed. On a very similar state of facts, this court, in Murray v. Transit Co., 108 Mo. App. 501, 83 S. W. 995, following what the Supreme Court tacitly decided on a prior appeal of the same case to that court (Murray v. Transit Co., 176 Mo. 183, 75 S. W. 611), held that the question of whether or not the plaintiff was guilty of contributory negligence was for the jury.

If a motorman operating a street car sees a pedestrian or vehicle crossing or about to cross the tracks in

front of his car, in time to stop the car and avoid a collision, and he fails to do so and injury results, the motorman will be held to have been negligent.   That he honestly believed the pedestrian or vehicle would clear the tracks in time to escape danger from the car, would not be received as an excuse for his error of judgment. If one afoot or driving a vehicle attempts to cross a street railroad track without first looking and listening for an approaching car, he will be adjudged guilty of negligence as a matter of law; and if he goes upon the track in such close proximity to a car that a collision is unavoidable, and is injured, he cannot recover.   His duty to look and listen before proceeding to cross the track is coequal with that of the motorman to keep a vigilant watch ahead, etc., yet, according to the decisions in the Murray cases, if a pedestrian or driver of a vehicle looks and sees a car approaching, but underestimates its distance from him and proceeds to cross, believing he has time, and is injured by being struck by the car, his error of judgment tends to excuse him, and instead of convicting him of negligence as a matter of law, whether or not he was negligent is a debatable question that should be submitted to the jury to be threshed out by them.   The reason for this discrimination is that the motorman, from his experience and skill and from his position of vantage, is presumed to know the speed of his car, the time and space in which he may stop it in safety and the distance he is from one in peril on or about to go upon the track; while the pedestrian on or about to go upon the track acts upon the appearances as they present themselves to him, and if he is deceived thereby and is injured, and the appearances are such as might deceive a man of ordinary skill and prudence, then he is not guilty of negligence as a matter of law, and the question, whether or not he was negligent, should be referred to the jury, where the evidence shows, as in this case, that he would not have been injured but for the negligence of the motorman.

Respondent cites and relies upon the case of Fanning v. Transit Company, 103 Mo. App. 151, 78 S. W. 62. The evidence in the Fanning case shows that the plaintiff saw the car that struck her, coming at a rapid and reckless rate of speed (a mob being in pursuit of the person in charge of the car) ; that plaintiff had time to cross the track before the arrival of the car, if she had used ordinary diligence, as did her two companions, who preceded her. The evidence also shows that she saw the car when it was from two hundred to two hundred and fifty feet from the crossing and, without again looking, leisurely proceeded to cross the track and was struck just as she stepped over the outside rail. As to her contributory negligence, under the evidence, there could be but one reasonable opinion.

On the facts in the case at bar, reasonable men might differ as to whether or not plaintiff was guilty of contributory negligence, and for this reason the case should have been submitted to the jury.

The judgment is reversed and the cause remanded with directions to the trial court to set aside the order sustaining the motion for new trial, to overrule said motion and enter judgment on the verdict of the jury. All concur.