IGNATZ J. STRAUSS, Respondent, v. METROPOL-
ITAN STREET RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, May 27, 1912.**

1. **STREET RAILWAYS: Personal Injury: Belief of Motorman and of Plaintiff.** In a case under the humanitarian rule, though the plaintiff sees the approaching street car and attempts to cross the track in the belief that he can get over ahead of the car, this will not, as a matter of law, justify the motorman in believing the plaintiff will get safely over and excuse him from putting his car under control.

2. ————: ————: **Humanitarian Rule: Contributory Negligence.** In a case under the humanitarian rule, plaintiff's prior contributory negligence in getting himself in a perilous position, will not excuse the servants of a street car company in running him down, who have seen his peril in time to have stopped the car. Under the humanitarian rule contributory negligence is admitted.

3. ————: ————: ————: **Evidence: Objection: Time.** When a question is asked of the plaintiff about injuries which he has not included in those specified in his petition, and objection is made and objections stated to the court which do not include its not being pleaded, and they are overruled, and the witness answers, it is too late then to urge the failure to plead, as a reason why the question should not have been asked.

Appeal from Jackson Circuit Court.—*Hon. E. E.
Porterfield,* Judge.

AFFIRMED.

*John H. Lucas* and *Charles N. Sadler* for appel-
lant.

*Oldham & James* for respondent.

ELLISON, J.—Plaintiff's action is for damages
alleged to have bene caused by defendant running
into his wagon with one of its street cars, throwing

him out and inflicting painful injury. He recovered judgment in the circuit court.

The action is founded on the humanitarian rule. Plaintiff was approaching defendant's street car track with his horse and wagon. He was driving, and his son sitting beside him. The evidence tends to show that he could have seen the approaching car for as much as two hundred feet from the crossing; and the motorman saw him, or could have, had he been looking, when he was one hundred and twenty-five feet away, as the view was not obstructed. Plaintiff drove along, in a walk, without stopping or urging the horse. He testified that the last time he saw the car it was about one hundred feet away, and he thought he had plenty of time to·cross ahead of it. And upon that testimony defendant insists that if the plaintiff, knowing of the approach of the car, thought he had time to cross, he cannot blame the motorman for the same error of judgment.

But can we declare, as a matter of law, that if a plaintiff thinks he has time to cross a track before an approaching car can reach him, the motorman cannot be charged with negligence in failing to attempt to stop? That question is answered in the negative in Heintz v. St. Louis Transit Co., 115 Mo. App. 667, 671. In that case Judge BLAND well says the fact that a motorman honestly believes with the plaintiff that the latter will be able to clear the track before the car reaches him, will not excuse the company, as a matter of law. For the motorman knows the speed of his car and the distance from the crossing, while the other party, looking into the end of the approaching car, cannot gauge its speed with any such accuracy. The two persons are not on equal ground, and the mistake of the person attempting to cross the track, will not, as a matter of law, justify the motorman in the same mistake.

We are cited to Roenfeldt v. St. Louis & S. Ry., 180 Mo. 554, 568, as stating a different rule. We think it does not. It is said. in that case, where there was no evidence to show that the motorman could have stopped the car, that what was reasonable judgment for the plaintiff would be reasonable judgment for the motorman. But in the case at bar it *was* shown that the motorman could have stopped this car within forty feet.

Nor is it true, as seems to be contended by defendant, that in this case, founded upon the humanitarian rule, plaintiff's prior contributory negligence in getting himself into a perilous position, will relieve the defendant whose servants saw him, or by ordinary care could have seen him, in that position, in time, in the exercise of ordinary care, to have saved him by stopping the car. [White v. Railroad, 202 Mo. 539; Wing v. Railroad, 211 Mo. 1; Ellis v. Met. St. Ry. Co., 234 Mo. 657; Shipley v. Met. St. Ry. Co., 144 Mo. App. 7; Williams v. El. Ry. Co., 149 Mo. App. 489.]

The foregoing disposes of defendant's objection to plaintiff's instructions in submitting the case on the humanitarian rule and omitting any hypothesis of plaintiff's contributory negligence. Under the humanitarian rule contributory negligence is admitted and not in issue. [Johnson v. Ry. Co., 203 Mo. 381; O'Farrell v. Met. St. Ry. Co., 157 Mo. App. 618.] Nor do we see any ground for stating the instruction to be in conflict with others.

Refused instruction No. 9 does not present the question decided in Kinlen v. Ry. Co., 216 Mo. l. c. 164. The instruction submits whether plaintiff knowingly drove across the track ''in such close proximity as to be struck,'' but does not submit that he drove across *knowing he would be struck*.

Nor do we think there was any substantial harm done in the answer of the doctor to the question about plaintiff complaining that he had pains in the abdo-

men, when such matter had not been mentioned with other specifications in the petition. We think that in the circumstances to be presently mentioned, it was not such an error as to justify reversal. But, aside from that, defendant is in no position to complain. When the question was asked, the defendant objected and stated reasons, but made no mention of its not being pleaded. Then, afterwards, after the question had been allowed under the objections as made, defendant moved to strike out the answer, and included a lack of pleading as one of the reasons. It should not have waited until the question was answered before giving its reasons against it. But the plaintiff made statements in evidence about his rupture, which was not among the matters specially pleaded. This, however, was specially stricken out by the court and the jury specially warned not to consider it. So, taking it all together, even if defendant had made objection as to the abdomen at the proper time, no harm was done.

We do not think the verdict excessive, and on the whole record see no reason for reversal. The judgment is therefore affirmed. All concur.