ANDREW IRWIN, Appellant, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals, February 6, 1917.

1. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.** In passing upon a demurrer to the evidence, the court must consider the evidence introduced by plaintiff as true, and draw therefrom every reasonable inference in his favor, warranted by law.

2. **STREET RAILWAYS: Collision with Wagon: Contributory Negligence.** In an action by the driver of a wagon for injuries sustained in a collision between the wagon and a street car, plaintiff testified that, when he started to drive across the track, the wagon was traveling at the rate of three or four miles per hour; that, at that time, he looked and saw the car, two hundred and fifty feet distant; that it was at such an acute angle from him as to make it difficult for him to accurately estimate its speed, but he thought he had ample time to cross the track in safety; and that, after the wagon had moved a distance of twenty-five or thirty feet from the time he first observed the car, the car collided with the rim of one of the rear wheels of the wagon. *Held*, that, although plaintiff did not look at the approaching car, after he first saw it, he was not guilty of contributory negligence as a matter of law, since, not being able to accurately determine the speed of the car, his error in thinking he had ample time to cross the track in safety was merely an error of judgment.

3. ———: ———: **Common-Law Speed.** In an action by the driver of a wagon for injuries sustained in a collision between the wagon and a street car, evidence that, when plaintiff started to drive across the track, the car was two hundred fifty feet away, that the wagon was traveling at the rate of three or four miles per hour, and traveled twenty-five or thirty feet before the car struck the rim of one of the rear wheels, *held* to warrant a finding that the car was running at the rate of thirty or more miles per hour, and that, under all the circumstances, irrespective of the speed ordinance, such speed was excessive, and that a causal connection between such excessive speed and the collision existed.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

REVERSED AND REMANDED (*with directions.*)

*Rodgers & Koerner* for appellants.

(1) A demurrer to the evidence admits as true every inference that may be reasonably deduced therefrom inference that may be reasonably deduced therefrom. Strauchon v. Street Railway Co., 232 Mo. 587, 595. (2) The case should have been submitted to the jury. The evidence tended to prove that defendant was negligent in at least two respects; one, in operating its car at excessive speed; and, two, in failing to keep a' vigilant watch and to stop its car upon the first appearance of danger to plaintiff. Strauchon v. Street Railway Co., 232 Mo. 587; Meenach v. Crawford, 187 S. W. 879, 884; Ingino v. Street Railway Co., 179 S. W. 771; Shafstette v. Railroad, 175 Mo. 142, 150; Mather v. Railroad, 166 Mo. App. 142, 148. The evidence does not show contributory negligence on plaintiff's part as a matter of law. Authorities *supra*. Criss v. United Railways Co., 183 Mo. App. 392, 402; Lueders v. Railroad, 253 Mo. 97.

*Boyle & Priest, W. Blodgett Priest* and *L. Marquard Forster* for respondent.

(1) The evidence introduced by the plaintiff does not show negligence on the part of the defendant company. Lorenzen v. Railroad Co., 249 Mo. 183; McCreery v. Railroad, 221 Mo. 18; Osborne v. Railroad, 166 S. W. 118. (2) There was no proof of excessive speed on the part of the defendant, still had there been such proof, the negligence of the plaintiff in failing to stop before going upon the track, when by the exercise of ordinary care, he could have seen the impending danger, bars a recovery. McCreery v. Railroad, 221 Mo. 18; Stoetler v. Railroad, 204 Mo. 619; Huggart v. Railroad, 134 Mo. 673; Roenfeldt v. Railroad, 180 Mo. 554; Laun v. Railroad, 180 Mo. 554. The plaintiff cannot recover on the theory that he thought the car was running in compliance with the speed-governing ordinance, because there was no evidence to show that he knew of such

ordinance or that he relied on such ordinance. Mocko-wik v. Railroad, 196 Mo. 550, 571; Paul v. Railroad, 152 Mo. App. 577, 587; Voelker Products Co. v. Railroad, 185 Mo. 310. The court rightly took the case from the jury on the humanitarian doctrine—(a) As there was no evidence to show that the motorman could have stopped the car in time to have averted the collision, after he saw, or by the exercise of due care, could. have seen the wagon in a position of danger. Borina v. Railroad, 194 Mo. 541; Reno v. Railroad, 180 Mo. 469;. Giardina v. Railroad, 185 Mo. 335; Markowitz v. Railroad, 816 Mo. 350; Roenfeldt v. Railroad, 180 Mo. 565. (b) Because the plaintiff being fully aware of the approach of the car, knowingly allowed himself to be placed in a position of danger. Kinlen v. Railroad, 216 Mo. 145, 164.

BECKER, J.—In our statement of facts we are adopting the statement of appellant practically *in toto*.

This is a suit for damages for personal injuries alleged to have been sustained by plaintiff being thrown to the ground and injured as a result of the rim of the right hind wheel of the wagon, in which plaintiff was riding, being struck by a street car owned and operated by the defendant company. The alleged injuries were sustained on May 24, 1913, about midnight.

The plaintiff's petition makes the following assignments of negligence:                                                    :

"That defendant's servants in charge of said car failed to keep a vigilant lookout for persons and vehicles crossing the car tracks;

"That defendant's said servants operated said car at a rate of speed exceeding the limit of fifteen miles per hour prescribed by the ordinance of the city of St. Louis;

"That defendant's said servants failed to keep and have said car under such control that they could stop the same upon the appearance of danger to persons lawfully on the car tracks;

"That defendant's said servants saw, or by the exercise of ordinary care could have seen, plaintiff on his wagon crossing said car tracks in a place of danger, but negligently failed to stop said car before colliding with said wagon, although by the exercise of ordinary care on their part said car could have been stopped after plaintiff's perilous position was, or by the exercise of ordinary care on their part could have been, seen by them."

The answer was a general denial and a plea of contributory negligence.

Plaintiff's evidence tended to prove that at the time in question he was driving a one-horse wagon westwardly along the north side of St. Louis avenue, a public street of the city of St. Louis, upon which a double street car track is laid. When he arrived opposite the entrance to the alley which extends southwardly from St. Louis avenue one hundred and fifty feet east of Union avenue, and which leads to the barn where he kept his horse, plaintiff turned his horse southwardly with the intention of crossing St. Louis avenue and entering this alley. As his horse started to turn to the south, plaintiff looked and saw an eastbound street car on the south track on St. Louis avenue. This car was then west of Union avenue and moving eastward. Plaintiff thought he had plenty of time to cross the tracks in safety, but about the time his horse entered the said alley the said street car struck the rim of the hind wheel of his wagon. From the time plaintiff turned his horse to the south and started across the street railway tracks until the time when the car struck the wagon, plaintiff's horse had been moving in a walk at the rate of three or four miles an hour, and had moved a distance of twenty-five or thirty feet. Union avenue is one hundred feet wide where it crosses St. Louis avenue, and, as has been above stated, this alley is one hundred and fifty feet east of Union avenue. The headlight of the said street car was lighted and burning, and there was a street lamp on the west side of the entrance to this alley.

On cross-examination, plaintiff testified that after he started across the tracks he did not again see the car

until it struck the wagon; that he was watching where he was going and thought he had plenty of time to cross the tracks without being hit.

Plaintiff's testimony was corroborated by that of his son, Cole Irwin, who was with him at the time.

William P. Smith, who qualified as an expert, testified that at the place in question one of the defendant's east-bound cars crossing Union avenue and running eastwardly on St. Louis avenue, if running at the rate of fifteen miles per hour, could be stopped within seventy feet.

Plaintiff offered in evidence sections 2380 and 2381 of the Revised Code of St. Louis of 1912, and it was admitted that St. Louis avenue, at the place mentioned in the evidence, is within the "outer district" mentioned in section 2381 of ordinance. It was also admitted that the street car mentioned in the evidence was owned and operated by defendant.

At the close of plaintiff's case the court, at defendant's request, peremptorily instructed the jury to find for defendant. Plaintiff then took an involuntary nonsuit and in due course filed his motion to have the nonsuit set aside, which motion the trial court overruled, and appellant appealed.

I.   The sole question in this case is whether there was any error in the action of the court in giving the peremptory instruction for the jury to find for the defendant. As was said in Meenach v. Crawford (Mo.) 187 S. W. 79:

"In passing upon a demurrer to the plaintiff's petition or a peremptory instruction for the jury to find for the defendant, the court must consider the evidence introduced by plaintiff as true, and draw therefrom every reasonable inference which the law warrants in her favor. [William v. Railroad, 257 Mo. 87 l. c. 112, 165 S. W. 788, and cases cited.]"

II.  We are not persuaded that the plaintiff in this case can, as a matter of law, be held guilty of contributory negligence. Plaintiff's testimony shows that when he started to drive across the tracks the car was two

hundred and fifty feet away; that his horse was then walking at a rate of three or four miles per hour, and that he thought he had ample time to cross the tracks in safety. He did not testify as to what rate of speed he thought the car was traveling. However, when he saw the car, it was at an acute angle, making it difficult for him to accurately estimate its speed. His error, if any, was an error of judgment, which, in view of the facts and reasonable inferences which must be drawn in this case, we cannot hold, as a matter of law, was negligence on his part. [Heintz v. St. Louis Transit Co., 115 Mo. App. 667, 92 S. W. 353; Murray v. St. Louis Transit Co., 108 Mo. App. 501, 83 S. W. 995.] In accordance with the adjudicated cases the question of whether or not the plaintiff was guilty of contributory negligence should have been submitted to the jury.

III. It will be noted that amongst the assignments of negligence pleaded in plaintiff's petition was that of common law negligence, that defendant's servants failed to keep its car under such control that the car could have been stopped upon the appearance of danger to persons lawfully on the car tracks. Let us examine whether the question of negligence in this respect, on the part of the defendant, was properly withheld from the jury.

It must be remembered that the testimony shows that at the time plaintiff started to drive across the double tracks, the car which caused the alleged injuries was two hundred and fifty feet away, and that in the time plaintiff drove twenty-five or thirty feet, at the rate of three to four miles per hour, the car traveled a distance of two hundred and fifty feet, striking the rim of the right hind wheel of plaintiff's wagon. The demurrer conceding the truth of these facts, it is readily calculated that the defendant's car was traveling at a rate of twenty-four to thirty miles per hour.

We are therefore of the opinion that the question, whether or not the rate of speed at which the car was going was an excessive rate, and a rate for which defendant should be held for negligence, was a question

for the jury, particularly so in this case inasamuch as the car hit merely the rim of the hind wheel, so that had the plaintiff had even a fraction of a second more time, in other words had the car been traveling at a very little less rate of speed, the collision would have been averted.

If, for example, this question had been submitted to the jury would it not have been possible for them to have found from the evidence that the car was going at a speed of thirty miles per hour, and that under all the circumstances surrounding the case, irrespective of the speed ordinance, such speed was excessive and the defendant therefore guilty of negligence. And the circumstances had to show that there was a causal connection between the excessive speed and the collision caused by the car running into the wagon driven by plaintiff; for inasmuch as the car, if the jury found it traveled thirty miles per hour, would at that speed have covered the distance of two hundred and fifty feet intervening between the car and the plaintiff's wagon in a period of approximately 5.9 seconds, and if the jury were to hold that under the circumstances the car should not have been running, say, for the sake of argument, at a speed not to exceed twenty-five miles per hour, then it would have taken approximately 8.5 seconds for the car, at that speed, to have covered the same distance. In other words, it would have taken the car 2.6 seconds longer to cover the two hundred and fifty feet at twenty-five miles per hour than at the rate of thirty miles per hour, which would have allowed the plaintiff an additional 2.6 seconds, in which time he would have gone an additional distance of over eleven feet, at the rate of three miles per hour, and thus have enabled him to have crossed the tracks in safety.

We are therefore of the opinion that in the case at bar, this question should have been submitted to the jury.

It is not necessary to discuss the other questions in the case.

For the reasons set out above the judgment should be reversed and the cause remanded with direction to th trial court to set aside the nonsuit and grant the plaintiff a new trial. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.