CHARLES C. PETERSON v. UNITED RAILWAYS COMPANY, Appellant.

Division One, February 20, 1917.

1. **PRACTICE IN SUPREME COURT**: Certification from Court of Appeals. A case certified from a Court of Appeals, upon certification that the majority opinion therein conflicts with certain cases of the Supreme Court, is for full review.

2. **NEGLIGENCE**: Vigilant Watch Ordinance: Not in Abstract. Whether or not an instruction permits a recovery against a street railway company if the conductor of the car failed to keep a vigilant watch for vehicles on the track, in violation of a city ordinance, and is for that reason erroneous, or whether or not the ordinance applies only to motormen, will not be decided, if the ordinance is not preserved in the printed abstract. Courts cannot take judicial notice of municipal ordinances, however great the municipality.

3. ————: Ringing Bell or Sounding Gong: Proximate Cause. Where both plaintiff and his driver saw and knew of the approaching street car when it was six hundred feet from the place where their automobile was stalled on the track, the failure to give notice of the approach of the car by sounding the gong or otherwise was not the proximate cause of plaintiff's injury caused by the street car striking the automobile, and an instruction basing his right to recover upon such failure is error. The purpose of sounding the gong is to give notice of the car's approach, and if the injured party on the track has actual timely knowledge of its approach, without such sounding, failure to sound the gong cannot be the proximate cause of his injury.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest* and *T. E. Francis* for appellant.

(1) Plaintiff's instruction number 1 is erroneous, because it permitted a recovery by plaintiff if the jury found that the conductor failed to keep a vigilant watch, as required by the so-called "Vigilant Watch Ordinance" of St. Louis, when, under the law, a recovery could be had only in the event the motorman failed to keep such lookout. Gebhardt v. Transit Co., 97 Mo. App. 373; Heinzle v. Railroad, 182 Mo. 528. (2) Plaintiff's instruction number 1, which authorized the jury to find for plaintiff if they found that defendant's agents in charge of the car "failed to ring the bell or gong on said car or give other audible notice or warning of the approach of said car," is erroneous, for the reason plaintiff testified that he was fully cognizant of the approach of the car, and, therefore, the failure to ring the bell or gong or give him other warning of its approach was not the proximate cause of the collision and could not properly be made a predicate of a recovery. Murray v. Transit Co., 176 Mo. 183; Haller v. St. Louis, 176 Mo. 606; Hutchinson v. Railroad, 195 Mo. 546; Heintz v. Transit Co., 115 Mo. App. 667; Heinzle v. Railroad, 182 Mo. 525; Mockowik v. Railroad, 196 Mo. 550; Young v. Railroad, 227 Mo. 307.

*Willis H. Clark* for respondent.

(1) The total inadequacy of the purported abstract herein precludes a determination of the first of the two points attempted to be raised in the brief for appellant. Peterson v. United Railways, 183 Mo. App. 715. (2) The failure to give any signal of the approach and passage of the car, under the circumstances disclosed in evidence, was a factor of negligence on the part of defendant which plaintiff was entitled to have submitted to the jury for

their decision as to the cause of the accident. McKinzie v. United Railways, 216 Mo. 1; Kinler v. Railway Co., 216 Mo. 145; Dahmer v. Railway Co., 136 Mo. App. 443; Bilhimer v. Railway Co., 137 Mo. App. 675; Batsch v. Railway Co., 143 Mo. App. 58; Parrish v. Railway Co., 140 Mo. App. 700; Williams v. Railway Co., 149 Mo. App. 489; Ellis v. Railway Co., 234 Mo. 657; Legg v. Railway Co., 154 Mo. App. 290; Smith v. Railway Co., 169 Mo. App. 610; Clover v. Railroad, 149 Mo. App. 413; Cytron v. Transit Co., 205 Mo. 692. (2) In the absence of a showing that specific objections were made to the instructions in the court below as to the particulars here complained of the judgment should be affirmed. Kirby v. Lower, 139 Mo. App. 677; Ilgenfritz v. Railroad, 155 S. W. 854.

GRAVES, J.—This case reaches us from the St. Louis Court of Appeals upon due certification to the effect that the majority opinion therein conflicts with the cases of this court, and other appellate decisions. The case is therefore here for full review. The petition is thus summarized in the abstract of record:

"Plaintiff's petition alleged, in substance, that defendant is and was on May 15, 1910, a corporation engaged in the business of operating a street railway system in the city of St. Louis; that on said date plaintiff was a passenger in an automobile which became stalled on defendant's southwestward-bound track on Gravois Avenue in said city; that while said automobile was so stalled upon said track, one of defendant's cars, operated upon said track and in charge of a motorman and conductor, collided with said automobile, thereby inflicting certain injuries upon plaintiff, for which he prayed judgment in the sum of $25,000."

The assignments of negligence set forth in the petition are as follows:

"First: The employees and servants of defendant in charge of said car carelessly and negligently failed and omitted to observe and comply with the provisions of said section 1865, in that they caused and permitted

said car, immediately prior and down to the time of such collision, to be propelled along and upon said street railway track on said Gravois Avenue, within said outer district, for a distance of more than three hundred feet and to the point of such collision, at a speed greater than the rate of fifteen miles per hour and at a higher and dangerous rate of speed, to-wit, twenty-five miles per hour, whereby plaintiff, being a passenger in said automobile vehicle so upon said street and track, was placed in a situation of great and extreme danger and was prevented from removing therefrom in time to avoid such injury and damage by any act on his part.

"Second: Said employees and servants of defendant, at such time and place and while said car was approaching the point of such collision, carelessly and negligenty failed and omitted to observe and comply with the provisions of said section 1864, in that they failed to keep a vigilant watch for vehicles and persons on foot on or moving towards said track, said vehicle in which plaintiff was so a passenger being then and there upon said track and in plain view of said employees and servants of defendant, and by the keeping of such vigilant watch could and would have been observed by such employees and servants in time to have enabled them to prevent and avoid such collision.

"Third: Said employees and servants of defendant at such time and when said car was within about sixty feet of said automobile vehicle discovered the same upon said track and in danger of being struck by said car, and said employees and servants then and there carelessly and negligently failed and omitted to observe and comply with the provisions of said section 1864, in that upon first so discovering the appearance of such danger to said vehicle and plaintiff as a passenger therein they failed and omitted to stop said car in the shortest time and space possible, whereas said car could then and there have been stopped or greatly reduced in speed before striking said vehicle and such danger could thus have been obviated or greatly reduced.

"Fourth: Said employees and servants of defendant immediately prior to and down to the time of such collision carelessly and negligently caused and permitted said car to be propelled upon said street railway track and along said Gravois Avenue for a distance of more than three hundred feet and to such point of such collision at a high and dangerous rate of speed, to-wit, twenty-five miles per hour, and carelessly and negligently failed and omitted to ring the bell or gong with which said car was provided or to give an other audible notice or warning of the approach or passage of said car, whereas the ringing of such bell or gong or giving of such other audible notice or warning while said car was traversing such distance would have enabled plaintiff to obviate or greatly lessen the danger to himself from such approach and passage of said car at such high and dangerous rate of speed."

Answer was a general denial and a plea of contributory negligence. Reply, a general denial. Judgment *nisi* was for plaintiff in sum of $6000, and from such judgment this appeal was taken.

In the Court of Appeals (and the case is here upon the same briefs and record) the battle raged as to the propriety of instruction number one given for plaintiff. This instruction had best be set out, although only two clauses therein are challenged. It reads:

"If you believe and find from the evidence that on May 15, 1910, defendant was and since has been a corporation operating as a common carrier of passengers a certain line of street railways in this city, having tracks extended along and over Gravois Avenue at and near its intersection with Blow Street, said street and avenue being public highways and said point of intersection being within the outer district specified in section 1865 of ordinance 22902 of the city of St. Louis read in evidence; that on said day, about five o'clock in the afternoon, plaintff was a passenger in an automobile proceeding northeastwardly along said Gravois Avenue; that at such time the engine of said automobile ceased to work and said automobile came to stand upon the southwest-

ward-bound track of said street railway at or near such point of intersection and in said outer district; that then and there a certain car of defendant, used and operated by defendant upon said street railway, through its motorman and conductor in charge thereof, came southwestwardly along said track and ran against and upon said automobile with such force and violence and plaintiff was then and there thrown from said automobile and received injuries to his person and damages to his property as referred to in the evidence:

"And if you further believe and find from the evidence that such collision and injury and damage was caused by and directly due to carelessness and negligence and want of care and caution on the part of defendant (as defined in the other instructions herein), through its servants, agents or employees in charge of said car, in either of the following particulars:

"First: In failing and omitting to observe and comply with section 1865 of said ordinance 22902, read in evidence, by causing and permitting said car, immediately prior and down to the time of such collision, to be propelled along, and upon, said southwestward-bound track, within said outer district, for a distance approximating three hundred feet and to the point of such collision, at a speed greater than the rate of fifteen miles per hour and at a high and dangerous rate of speed;

"Second: In failing and omitting to observe and comply with section 1864 of said ordinance 22902, read in evidence, by failing and omitting to keep a vigilant watch for vehicles and persons on foot on or moving towards said track while said car was approaching the point of such collision;

"Third: In failing and omitting to observe and comply with section 1864 of said ordinance 22902, read in evidence, by failing and omitting to stop said car in the shortest time and space possible upon discovering, when said car was within about sixty feet of said automobile, that said automobile was upon said track and in danger of being struck by said car;

"Fourth: In failing and omitting to ring the bell or gong with which said car was provided or to give any other audible notice or warning of the approach of said car, while said car was propelled upon said track about three hundred feet to the point of such collision at a high and dangerous rate of speed;

"And if you further believe and find from the evidence that there was no carelessness or negligence on the part of plaintiff which caused or directly contributed to cause the injuries and damages referred to, then your verdict should be for the plaintiff."

The second and fourth clauses, supra, are the ones challenged, the one relating to the "Vigilant-Watch" ordinance, and the other to the failure to sound the gong. The material facts can best be stated in connection with the points made.

I. The abstract of record does not set out the Vigilant Watch ordinance, nor the substance thereof. From the abstract of the pleadings and the course of the trial it is clear that it was duly pleaded and proven, but we are not enlightened as to its contents by the bill of exceptions. The point made by appellant, as against instruction numbered one, in so far as this ordinance is concerned, is that the instruction would permit a recovery if the conductor of the car failed to keep a vigilant watch for persons upon the track, whereas the ordinance only applied to the motorman, or man actually and physically running the car. We find full authority for this complaint in Gebhardt v. St. Louis Transit Co., 97 Mo. App. l. c. 383, where one of the grounds of negligence was the violation of the then "vigilant watch" ordinance of the city, and in which case an instruction was condemned and held reversible error because it included both the conductor and motorman. The court through BLAND, P. J., said:

*Ordinance: Not in Abstract.*

"The third instruction given for the plaintiff told the jury that it was the duty of both the motorman and conductor to keep a vigilant lookout, etc. This was palpable error. No such duty is required of the con-

ductor. His duties are such as to call him to the rear platform and interior of the car and to give his attention to passengers on the car and to those alighting from and entering the car by way of the rear platform, and to give signals for starting and stopping the car. [Holwerson v. Railroad, 157 Mo. 216.]''

But in the instant case we are precluded from passing upon this contention of respondent, and in oral argument here, learned counsel did not insist upon it. The record before us does not give the ordinance. We cannot take judicial cognizance of municipal ordinances, however great the municipality. Such ordinances must be pleaded, and if an appellant wants to assert error in an instruction predicated upon such ordinance, it is clearly his duty to enlighten the court by printing the ordinance or its substance, in the abstract of record. In the absence of such ordinance, we will presume the right action of the court in giving the instruction based thereon. This contention of appellant falls out of the case by reason of the abstract herein.

II. The second contention is here for review. The record is complete for its presentation and determination. Upon the part of the plaintiff the evidence shows that plaintiff was in the front seat of an automobile then operated by one Westermayer; that the automobile ran upon the street-railway track, and the engine ceasing to work, the automobile stopped upon the tracks; that he saw an approaching street car when at a distance of about 600 feet from the automobile; that it was running rapidly (20 to 25 miles per hour) on a down grade; that he saw the car and its movements up until about the time it struck the automobile; that the car was coming so fast he did not know what to do. To use his own language:

*Proximate Cause: Sounding Gong.*

''I didn't know what to do; to take a chance of jumping out of the car, or what to do; but the car was coming so fast that I didn't get a chance. It don't take a car long to get to you going at that rate, and I didn't have much time to think.''

Defendant's theory of the case, as shown by its evidence, was that the automobile was running down the track toward the street car, but got off of the track into a place of safety, and then suddenly whirled back on the track in front of the street car, when the street car was only 35 feet away, and could not be stopped.

Appellant's contention is, that inasmuch as the plaintiff and the party driving the automobile saw the approaching street car and its rapid rate of speed, the failure to give warning by bell or gong was not a proximate cause of the injury, and the question should not have been submitted to the jury.

The instruction authorized a verdict for plaintiff if the jury believed that defendant's servants were negligent:

"In failing and omitting to ring the bell or gong with which said car was provided or to give any other audible notice or warning of the approach of said car while said car was propelled upon said track about three hundred feet to the point of such collision at a high and dangerous rate of speed."

In view of the fact that both plaintiff and the driver saw and knew of the approaching car when 600 feet away, the failure to give notice of the approach of the car by sounding the gong or otherwise was not a proximate cause of the injury, and should not have been made a predicate of a recovery. The purpose of sounding a gong or ringing a bell is to give notice of the approaching car. If the party has this notice, without the sounding of the gong or ringing of a bell, we have universally declared that the failure to sound gong or ring bell is not the proximate cause of that injury, and should not be made the predicate for a recovery. Under such circumstances the sounding of a gong or ringing of a bell could not impart more notice than the party already had. If one, at a crossing, sees a rapidly approaching train, no amount of whistling or bell ringing will give him more notice than that which his eyes have brought home to him. Indeed it would tend to confuse rather than help such a person. But be this as it may, it is clear that the

submission of this ground of negligence to the jury in this case was error, for which the judgment must be reversed and the cause remanded. [Murray v. Transit Co., 176 Mo. 183; Hutchinson v. Railroad, 195 Mo. 546; Heintz v. Transit Co., 115 Mo. App. l. c. 670; Mockowik v. Railroad, 196 Mo. 550; Young v. Railroad, 227 Mo. 307.]

Let the judgment be reversed and the cause remanded. All concur.