# A. C. ALEXANDER v. SPRINGFIELD TRACTION COMPANY.

### Springfield Court of Appeals, March 16, 1923.

1. **STREET RAILROADS:** Question of Negligence Held for Jury. Automobile truck driver *held* not negligent as a matter of law in driving his truck across street railway track in front of oncoming street car, where the car was 200 feet away at the time he started across, and traveling at a speed of twenty-five to thirty miles an hour, since it is a matter of knowledge that street cars

are so equipped that they can be stopped quickly. His negligence was a matter for the jury to determine.

2. ———: **Testimony as to Usual Speed of Street Car Held Admissible on Issue of Contributory Negligence.** It was not error to permit plaintiff to testify as to the usual rate of speed of street cars at this crossing, he being familiar with their usual speed there. Such testimony had a bearing on the question of his contributory negligence in crossing ahead of the car, which, plaintiff's testimony showed, was traveling faster than the usual rate of speed.

3. ———: **Negligence under Humanitarian Doctrine Held for Jury.** Action for damages against street railway company from collision between street car and truck. *Held*, that where plaintiff attempted to cross street railway track in truck, having seen street car approaching at a distance of 200 feet, there was a case for the jury as to liability of street railway company under the humanitarian rule.

4. ———: **Instruction Held Erroneous.** An instruction which told the jury that they might find for plaintiff if they found the street car was negligently run without sounding any gong or giving any signal or warning of its approach, *held* error, as plaintiff testified he saw the car approaching about 200 feet away, and therefore knew all that any warning could have given him.

Appeal from the Circuit Court of Greene County.—*Hon. Guy D. Kirby,* Judge.

REVERSED AND REMANDED.

*Frank B. Williams* for appellant.

The ringing of the gong was not necessary. Plaintiff saw the street car when he was eight or ten feet from the track and could have stopped his truck before it got upon the track. 2 Nellis on Street Railways (2 Ed.), sec. 402, p. 910, note 25; Murray v. Transit Co., 176 Mo. 183.

*John Schmook* for respondent.

(1)   Plaintiff was entitled to go to the jury.  Bruck-man v. United Rys. Co., 242 S. W. 687; Criss v. United Rys. Co., 183 Mo. App. 392, 166 S. W. 834; Jesse v. Kansas City Rys. Co., 238 S. W. 529.   (2)   Evidence of high and dangerous rate of speed was admissible under plaintiff's petition.   Bruckman v. United Rys. Co., supra. (3)   There was a case for the jury under the last chance doctrine.  Hahn v. United Rys. Co., 238 S. W. 529;. Jesse v. Kansas City Rys. Co., supra; Strutman v. United Rys. Co., 238 S. W. 817.; Ellis v. Metropolitan Street Rys. Co., 234 Mo. 673.

FARRINGTON, J. — The plaintiff, respondent, brought suit in a justice court for damages sustained to his automobile truck one night while he was enroute from the Springfield Post Office, at the intersection of Brower Street and Boonville Avenue, to the railroad station, the damages resulting from a collision with one of defendant's street cars.   The statement filed in the justice of the peace court charges that defendant's servant negligently caused one of its street cars to run against plaintiff's truck.   From a judgment rendered against it there the defendant appealed to the circuit court were as a result of a trial to the court and a jury judgment was rendered in plaintiff's favor in the sum of $111.85, and from this judgment defendant brings its appeal to this court.

No question is raised on the amount of the verdict. Defendant, among other things, assigns error in the action of the trial court in overruling an instruction in the nature of a demurrer to the evidence offered, and this calls for a statement of the facts as shown by the evidence.

Plaintiff's evidence shows that he was a mail carrier, and that on the night of October 5, 1920, as he was driving away from the post office to go to the railroad station, he was struck by one of defendant's north-bound street cars on its east track on Boonville street.   The

plaintiff had driven west on Brower street to where it intersects Boonville street, and as his truck passed over the east street car track of defendant the rear end of it came in collision with a north-bound street car. The truck is about fifteen feet long and has a cage top over it. He had been operating this truck line, carrying the mail, since some time in September prior to the accident, and in doing so was required to make ten or twelve trips a day over this same street intersection. The time the collision occurred was about 8:40 P. M., and it was dark. Brower street is not paved and is used principally by mail carriers coming from the post office out on Boonville street, which is paved with brick. On entering the intersection of Brower and Boonville streets there is a dip or a low place at the gutter at the east line of Boonville street, and what is shown in the evidence to be a rather sharp incline from the gutter up to about three feet of the east track. Brower street is seventeen feet wide and Boonville street is thirty-six feet wide at this point, and from the gutter line on Boonville street to the east rail of the street railway tracks it is thirteen and one-half feet, and the track is four feet, ten inches wide. and the north and south bound tracks (there being double tracks there) are four feet, six inches apart. A car coming from the south travels up grade on Boonville street to Brower street, the point of the collision, and the first street south of Brower street on Boonville street is Chestnut street, a distance of about 235 feet.

The plaintiff testified that as he came out of Brower street he first looked north as soon as he got where he could see past the post office building, to see if a car was coming from the north; seeing none, and having traveled about ten or twelve feet farther, he looked south and saw the car that struck him at Chestnut street, something over 200 feet. He said he did not notice the speed the street car was making; that he thought he had plenty of time to cross over the tracks before the car reached him, and from then on his attention was given only to his truck

until he saw he was on the street car tracks and that he was going to be caught. The street car, when it struck the truck, ran ten or fifteen feet, having struck the rear wheel of the truck. The weight of the load in the truck and the truck itself was about 3500 lbs.

A good deal of testimony is taken up relative to obstructions, but it is unnecessary to call attention to this other than to say that the evidence shows that when the plaintiff started toward the track he could see from there and on until he reached the track for a distance of at least 200 feet, and there was nothing to obstruct the motorman's view of plaintiff's truck from the time his car was 200 to 235 feet from Brower street, if plaintiff's car had reached the place plaintiff testified he had traveled to. Plaintiff is corroborated in his testimony by that of his son who was in the truck with him.

There was a sharp conflict in the testimony as to the speed the car was traveling, but plaintiff's evidence tends to show that it was running from twenty-five to thirty miles an hour.

Under this statement of facts, we do not think that the plaintiff could be held as having been negligent, as a matter of law, for driving in front of this street car, which he says when he started to go across the street was some 200 feet away. One crossing a street over street car tracks knows, as heretofore held by this and other courts, that street cars are so constructed and equiped with appliances that they can be quickly stopped, and the rule of holding one guilty for crossing over a steam railroad crossing when he sees the train coming is not applicable to street cars, because he knows that one is so constructed that it can be quickly stopped and the other cannot be so controlled. We must, therefore, hold that the court ruled properly on the demurrer.

We cannot agree with appellant that the fact that the car stopped within fifteen feet after it struck the truck is positive proof that the car was running nothing like thirty miles an hour. The relative weights of the

two are not given in evidence, it being shown that the truck had a weight of about a ton and a half, and we do not know just how much that would tend to stop a street car which ordinarily could not be safely stopped under sixty or seventy-five feet, when traveling at a high rate of speed. Neither was it error to permit plaintiff to testify to the usual and ordinary rate of speed of cars such as this, if he had observed how cars had ordinarily run there, he constantly going over that track and delivering the mail, it would have a bearing on the question of his contributory negligence in attempting to go across ahead of this car which, as his testimony shows, was traveling at a much higher rate of speed than they ordinarily ran. The objection which defendant brings as a reason for allowing this testimony to go in could probably be eliminated by an instruction asked on its part at another trial.

The facts of this case are so similar to a number of cases decided by the appellate courts of this State holding a plaintiff not guilty of contributory negligence, as a matter of law, and further holding that under such circumstances there could be a recovery on the humanitarian doctrine, we, having stated the facts, will leave it by a mere citation of the cases: Albert v. United Railways Co., 232 S. W. 793; Bruckman v. United Railways Co., 242 S. W. 686; Bona v. Luehrman, 243 S. W. 386; Hahn v. United Railways Co., 238 S. W. 529; Lavinc v. Railway Company, 217 S. W. 574; Hale v. Railway Co.; 287 Mo. 499, 230 S. W. 113; Woodis v. United Railways Co., 199 Mo. App. 348, 203 S. W. 489; American Auto. Ins. Co. v. Railway Company, 200 Mo. App. 317, 206 S. W. 257. Under these authorities we hold that plaintiff herein made a case to go to the jury on the question of liability under the humanitarian rule.

Complaint is made, and we think properly so, as to Instruction B, given for plaintiff. It permitted a recovery if the jury found that the car was negligently run "at a high and dangerous rate of speed, or *without*

*sounding any gong, or giving any signal or warning of its approach* (Italics ours), or without keeping a vigilant watch for vehicles on defendant's said tracks or moving towards said tracks, etc.'' The instruction winds up by telling the jury they may find for the plaintiff on one or more of the above particulars, which clearly permitted a recovery on a failure to ring the gong, or give a signal of warning. This was a contested issue in the evidence, and the trouble with permitting a recovery on that ground is, as said by the Supreme Court, it had no place in this sort of a case, and that for the reason that plaintiff himself said that before driving onto the track he saw the street car coming something like 200 feet away. It is shown that there were no obstructions whatever between plaintiff and the car from that point on, and he, therefore, under his own evidence knew all that any warning could have given him. The following cases hold the giving of such an instruction, under these circumstances, as reversible error: Murray v. St. Louis Transit Co., 176 Mo. 189, 75 S. W. 611; Peterson v. United Railways Co., 270 Mo. 74, 192 S. W. 938; Heintz v. St. Louis Transit Co., 115 Mo. App. 670, 92 S. W. 353.

The recent case of Hale v. St. Joseph Ry. Co., 287 Mo. 499, 518, 230 S. W. 113, the court distinguishes the case there under consideration from those just above cited by showing that the plaintiff testified in that case that he did not see the car approaching.

We have noticed what is said in the Woodis case, supra, (199 Mo. App. 348), concerning the ringing of the gong; that case undertakes to distinguish the other cases on the ground that the pedestrian could, on a moment's notice, become cognizant of his peril by the ringing of the gong and at once extricate himself. That condition does not prevail in the case before us. Here the plaintiff was approaching and driving upon the tracks when he knew the car was some 200 feet away, and he was not in the position of the pedestrian who by one step might get out of the danger zone. Without approving or disapproving

the disposition of this question in the Woodis case, we hold that the plaintiff, under the circumstances he was placed upon the tracks in the case at bar, falls clearly within the rule as laid down by the Supreme Court in similar cases holding that it was error to submit the question of a failure to warn, and for that error the judgment must be reversed. Other errors complained of by the appellant will doubtless be eliminated on another trial. It, therefore, results that the judgment be reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.