COX vs. THE CITY OF ST. LOUIS.

1. Judgment cannot be rendered for greater damages than are claimed.

2. Courts will not take judicial notice of the ordinances of a corporation.

## APPEAL from St. Louis Criminal Court.

### Statement of the Case.

This was an action of debt commenced by the City of St. Louis on the 23d day of July, 1847, in the Recorder's Court of the City of St. Louis, to recover the sum of five dollars for violating an ordinance prohibiting the use of water from the water-works without a license.

The summons issued on the 23d of July, and was made returnable *forthwith.* It was returned on the 26th, with this entry, "Executed the within by leaving a true copy of the within at the residence of Isaac Cox in the City of St Louis, this 24th day of July, 1847. C. H. JENNINGS, City Marshal."

On the day the summons was returned, to-wit, the 26th July, a judgment by default was rendered by the Recorder against defendant for five dollars.

On the 27th July, 1847, the next day, defendant made a motion in writing before the Recorder to set aside the judgment by default, which motion the Recorder overruled, and the defendant appealed to the Criminal Court.

At the next term of the Criminal Court, defendant filed his motion to dismiss the proceedings. This motion was sustained and the cause dismissed.

Afterwards, during the same term, the city by her attorney, filed a motion to set aside the order of dismissal and reinstate the cause, which motion the court also sustained, and the cause was continued to the next November term, when the defendant filed another motion to dismiss the proceedings had before the Recorder. [This motion was filed by leave of the court, at the November term, to enable the defendant to except to the decision of the court.] This motion was overruled, and defendant at the time excepted.

The defendant then withdrew from the cause and a jury was empannelled, who found a verdict against defendant for $30, and a judgment was rendered accordingly.

28

Afterwards, on the 29th November, defendant filed a motion to quash, set aside and annul the judgment of the Criminal Court, and to set aside all the proceedings had in the cause, before the Recorder and the Criminal Court, because—

1. There was no legal service or return of the summons before the Recorder.

2. The defendant was never brought into the court below, and the Recorder had no jurisdiction of his person, or of the cause.

3. The Criminal Court had not jurisdiction of the defendant or of the cause for purposes of trial.

4. The rendition of said judgment was void and against law, and all the proceedings in the cause were null and void.

5. For other defects in the proceedings and judgment.

Defendant also at same time moved the Court to set aside the verdict and judgment of the Criminal Court because the verdict of the jury and the judgment thereon were against law, and because of the errors and irregularities of the verdict and judgment thereon; which motions were overruled and defendant excepted.

Afterwards, on the 14th December, 1847, an appeal was granted to the defendant to the Supreme Court, with an order that all proceedings be stayed.

Scott, J., *delivered the opinion of the Court.*

Most of the questions presented for the determination of this Court arise upon the construction of the ordinances of the City of St. Louis. These ordinances are not preserved in the bill of exceptions and consequently cannot be noticed. Courts do not take judicial notice of the ordinances of a corporation. The charter of the city prescribes that the ordinances when printed and published by authority of the corporate powers, shall be received in evidence in all courts and places without further proof. This provision does not release a party who relies on an ordinance from the necessity of introducing it to the knowledge of the court.

The appellant was only sued for five dollars, and there was a verdict and judgment against him for thirty. It has been repeatedly held by this Court, that a judgment for greater damages than are claimed in the declaration is erroneous. Hasten vs. Hope, 3 Mo. R., 39 (54;) Carr & Co. vs. Edwards, 1 Mo. R., 96, 137.

The judgment must be reversed, the other Judges concurring.