THE STATE OF MISSOURI *ex rel*. GRAHAM ODDLE, Appellant, *v.* JOHN D. SHERMAN, Respondent.

1. *City Ordinances — City Charters — How set forth in pleading.* —Where a party asserts a right founded upon provisions of city or town ordinances, the pleading must set forth those provisions, in whole or in substance. The courts cannot take judicial notice of such ordinances. But when the material allegations of an information were founded upon a city charter, and the act was pleaded by its title, the court, under section 40 of the practice act (Gen. Stat. 1865, p. 661), could take judicial notice of its provisions.

2. *Quo Warranto—Office of City Treasurer—Information relating to—Pleading—What Averments sufficient.*—Where, by the terms of a city charter, the corporate powers were vested in a mayor and councilmen, to be elected by the qualified voters of the city, and power was expressly given to the mayor and council to appoint a city register, collector, and such other officers as they might at any time deem necessary, the averment contained in an information claiming the office of city treasurer, that the mayor and city councilmen had been duly elected, and the relator duly appointed and qualified, was a sufficient allegation of these main facts. If there were any ordinances defining the manner of election or appointment, it would devolve upon defendant, under the pleading, to produce them, and show that either the election of the mayor and councilmen, or the appointment of the treasurer, had not been conducted in conformity therewith, when the relator had first produced sufficient *prima facie* evidence to sustain his information.

3. *Practice—Pleading made more definite, at whose instance—Construction of Statute.*—The provision of the practice act (Gen. Stat. 1865, chap. 165, § 20) that the court may require a pleading to be made more definite and certain, would seem to imply that it must be done on motion of the adverse party.

State of Missouri ex rel. v. Oddle et al.

*Appeal from Fifth District Court.*

The facts material to the case appear in the opinion of the court.

*Asper & Pollard*, for appellant.

I.   The court below erred in reversing the judgment of the Circuit Court on the ground that the information did not set out the ordinance of the city of Chillicothe by which the office of treasurer was created, for the following reasons : 1. The charter, which is well pleaded, gives ample authority to appoint or elect a treasurer, and no ordinance is required to create the office.   The reference to the ordinance No. 8 is mere surplusage.   Section 23 of the charter of Chillicothe — printed charter and ordinances, p. 6 — reads as follows : " The mayor and board of councilmen shall have power to appoint a city register, assessor, collector, and such other officers as they may at any time deem necessary, who shall be sworn faithfully to discharge the duties of their offices, and shall, when required, give bond, with satisfactory security, to the corporation, for the due performance of their respective duties."   This section gives ample power to appoint ; and the petition shows that the authority was pursued. 2. The information sets out that Graham Oddle was duly appointed to the office of treasurer of Chillicothe ; that he qualified and gave bond, with security, which was approved by the council—which are facts that, if not denied, give him title to the office.   These facts make a full and perfect title, and are admitted by the demurrer.   If the information alleges that the relator was duly appointed and qualified, it contains facts sufficient.   3. In setting out this title it was not necessary to set out the ordinance creating the office or appointing the treasurer.   The title sufficiently appears without it.   General certainty is sufficient ; and pleadings are to be liberally construed with regard to doing substantial justice.   (Gen. Stat. 1865, p. 661, § 37 ; Bersh v. Dittrick, 19 Mo. 129 ; Beman v. Tugnot, 5 Sandf. 153 ; How. Prac. 267.)

II.   The court below committed no error in sustaining motion

of relator to strike out and make answer more definite and certain, because: 1. The answer denied the relator's title, and at the same time justified holding the office. The answer was inconsistent. It created an issue in which the relator held the affirmative, and at the same time stated another issue in which the respondent below held the affirmative. This is not allowable. (Gen. Stat. 1865, p. 659, § 14; *id.* p. 661, § 39; Houston v. Lane, 39 Mo. 495; Darrett v. Donnelly, 38 Mo. 492; Adam's Adm'r v. Trigg, 39 Mo. 141; Burnet v. Wagner, 39 Mo. 385; Atterbury v. Powell, 29 Mo. 429.) 2. That portion not stricken out was indefinite and uncertain, and the precise nature of the allegations or the denials was not apparent. The refusal to comply with the order of the court left the party without answer. He took leave to answer, and then refused to file one. (Gen. Stat. 1865, p. 660, § 20.)

*McFerran & Collier,* for respondent.

I. The second amended information does not state facts sufficient to constitute a cause of action. The appellant claims his right to the office of treasurer through certain ordinances of the corporation of the city of Chillicothe, referred to in his second amended information, but fails to set out said ordinances, or any part thereof; by reason of which the said information is not sufficient in law to support a judgment against said respondent. (Mooney v. Kennett, 19 Mo. 555; Ang. & Ames on Corp. §§ 719, 758; 1 Blacks. Com. p. 58, § 86; 1 Chitty's Plead. 247.)

II. The acts of usurpation by respondent are not set out, nor a vacancy alleged in the office at the time of the assumed appointment of appellant to the office, nor is there an allegation that the appellant was appointed as the successor of respondent in said office. (Drome v. Scammel, 7 Cal. 393; U. S. Dig. vol. 19, p. 588, § 15; Ang. & Ames on Corp. §§ 719, 758.)

III. The information must state the facts constituting the appellant's right to the office as his cause of action against the respondent. (Gen. Stat. 1865, p. 658, § 3; U. S. Dig. vol. 13, p. 559, §§ 1, 2; 23 Wend. 193; 4 Cow. 106, 108, 297;

Ang. & Ames on Corp. 719, 758; U. S. Dig. vol. 23, p. 446, and cases cited.)·

IV.  The information does not show any right in the mayor and councilmen to appoint appellant treasurer of the city of Chilli-cothe.  It does not appear who composed the council that counted the vote and installed them into office as councilmen for said city. It must appear that a majority of the council was present, before the act can have any legal vitality.    (2 Wheat. Sel. 1178, 1179.)

V.  The court below had no power to require the respondent to make his answer more definite and certain, without specifying and deciding wherein it was indefinite and uncertain.

VI.  The charter and amendments of the incorporation of the city of Chillicothe are not well pleaded in the second amended information.  Said charter and several amendments thereto are referred to by their title and the day of their passage, which simply enables the court to take judicial notice thereof; but it is not alleged in said information what act or acts were done by authority of the several statutes aforesaid respectively.  (Gen. Stat. 1865, p. 661, §§ 40, 41.)

HOLMES, Judge, delivered the opinion of the court.

This was an information, in the nature of a *quo warranto*, filed in the Circuit Court of the county of Livingston.  The informa-tion alleged, in substance, that certain persons named were, on the second day of April, 1867, duly elected mayor and councilmen of the city of Chillicothe, and that on the third day of May there-afterward the said mayor and councilmen appointed the relator treasurer of the city, and that he was duly qualified to and entered upon the duties of the office, but that the defendant had unlaw-fully usurped said office, and judgment of ouster was demanded against him.  A demurrer to the information was overruled.

The first part of the answer consisted of specific denials of the material allegations of the information; the second part contained a statement of the title and right under which the defendant claimed.

A motion to strike out certain portions of the answer, including the whole of the second portion, as above, was sustained, and the

court required the defendant to make the remaining part more definite and certain. The relator's motion had assigned no reasons for striking out this part, nor in any way pointed out wherein it was deemed indefinite and uncertain. The defendant declining to amend his answer in this respect, a judgment by default was given against him as for want of an answer. Exceptions were duly taken. On appeal to the District Court, the judgment was reversed on the ground that the information was demurrable, and that the motion in arrest should have been sustained.

The first question concerns the sufficiency of the information. The objection was that it did not set forth the essential provisions of the city ordinances under which the election for mayor and city councilmen had been held and the relator appointed treasurer. There is no doubt that where the party asserts a right founded upon such ordinances, the pleading must set them forth in whole or in substance. The courts cannot take judicial notice of the ordinances of a town or city. (Mooney v. Kennett, 19 Mo. 555.)

But here the material allegations were founded upon the city charter. The corporate powers were vested by the charter in a mayor and councilmen, to be elected by the qualified voters of the city, and power was expressly given to the mayor and council to appoint a city register, assessor, collector, and such other officers as they might at any time deem necessary. (Act of March 1, 1855.) This act was pleaded by its title, in accordance with the statute (Gen. Stat. 1865, ch. 165, § 40), and in such manner that the court might take judicial notice of its provisions. The averment that the mayor and councilmen had been duly elected, and the relator duly appointed and qualified, was a sufficient allegation of these main facts. (People v. Crane, 12 N. Y. 433.) A lawful authority for these proceedings was contained in the charter. The minor details were more properly matter of evidence. If there were any ordinances defining the manner of election or appointment, it would devolve on the defendant, under this pleading, to produce them, and show that either the election of the mayor and councilmen, or the appointment of the treasurer, had not been conducted in conformity therewith, when

the relator had first produced sufficient *prima facie* evidence to sustain his information. On this point we think the District Court was in error.

The next question is upon the action of the Circuit Court in requiring the defendant to make the remaining part of his answer more definite and certain, and in giving judgment against him by default on his failing to amend as required. On this point we observe that the relator's motion had given no reasons for this action, nor pointed out wherein this part of the answer was indefinite or uncertain. The motion related only to the portion which was stricken out by the court for the reasons specified. The statute requires that all motions shall be accompanied by a written specification of the reasons upon which they are founded, and that no reason not so specified shall be argued in support of the motion. (Gen. Stat. 1865, ch. 165, § 48.) The latter clause of the twentieth section of the same act (ch. 165, § 20) provides that the court may require a pleading to be made more definite and certain. It is not expressly said that it must be done on motion of the adverse party, though that would seem to be implied; but without undertaking now to lay this down as an imperative rule, we may remark that there is an obvious reason for such practice in the consideration that both the court and the other party would need to be informed in what particular respects, and in what part, the pleading was supposed to be defective. But it is sufficient for the purpose of this case that no good reason appears for requiring this part of the answer to be made more definite and certain. It consists merely in specific denials of the several allegations of the relator's information. It makes distinct issues of fact upon the election of the mayor and councilmen, and upon the appointment of the relator to be treasurer, which are the most material averments. We do not see that these denials need be more specific or certain than they are. We think, therefore, that the Circuit Court committed error in giving judgment by default for want of an answer.

Some other exceptions appear in the record which were not insisted upon in the argument, and which it is not deemed necessary to notice further. We observe only that the second part of

the answer which was stricken out did not constitute a good special defense by way of confession and avoidance. (Tiffany v. Smith, 1 N. Y. 374–382; Houston v. Lane, 39 Mo. 495.)

For these reasons the judgment of the District Court, reversing the judgment of the Circuit Court, will be affirmed, and the cause remanded to the Circuit Court for further proceedings, in accordance with this opinion. The other judges concur.