THE INHABITANTS OF THE TOWN OF BUTLER v. ROBINSON, *Appellant*

1. **Pleading**: JEOFAILS: MUNICIPAL CORPORATION. In an action by a town to recover the cost of a sidewalk laid down by the town in front of certain lots, the statement failed to allege that the lots were within the corporate limits, and that defendant was the owner of them. *Held*, that these were fatal and incurable omissions.

2. **Municipal Charters**: JUDICIAL NOTICE. The courts do not take judicial notice of acts of municipal incorporation except where they are declared to be public statutes.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

This was an action begun before a justice of the peace. The statement was as follows :   Plaintiff states that it is a corporation duly incorporated under the laws of the State of Missouri, that as such corporation it has full power to pass ordinances regulating the construction of sidewalks within its limits, that on February 26th, 1876, it did, by its board of trustees, pass an ordinance in regard to the repairing and erecting sidewalks in said corporation, that under and by virtue of said ordinance said board of trustees, at a regular meeting held on the 3rd day of September, 1877, passed a special ordinance ordering defendant to build a sidewalk along the south side of lot number 1, in block number 2, in Williams' addition to the town of Butler; said walk to be constructed according to certain specifications in said special ordinance contained, and within thirty days from the passage thereof; that a certified copy of said special ordinance was by the marshal of said town served upon said defendant; that said defendant neglected and refused to comply with said special ordinance or to build any sidewalk whatever in front of said property; that the street commissioner of said corporation, under and by virtue of the ordinances of said corporation, proceeded to build and did build said walk, and that the cost of erecting said walk was $62.03, for which amount plaintiff prays judgment.

*James K. Brugler* and *Edwards & Davison* for appellant.

*T. J. Smith* and *Parkinson & Abernathy* for respondent.

SHERWOOD, C. J.—We are met on the threshold of this cause by two fatal defects in the proceedings instituted before the justice of the peace:   The statement is defective in failing to set forth either that the lots mentioned were within the corporate limits of the town of Butler, or that the defendant was the owner of the lots.   These are defects which no amount of evidence can supply.   They are

not mere failures in some minor particulars, which evidence, being introduced, may remedy, but are absolute failures to state a cause of action. Neither the curative powers of our statute of jeofails, nor the common law arising after verdict and in support thereof, apply to a statement like the present one. *Weil v. Greene Co.*, 69 Mo. 281, and cases cited. But even if evidence could supply such omissions, nothing of this kind occurred at the trial. In no view of the case, then, can the judgment rendered be permitted to stand.

But aside from the foregoing matters, there is nothing in this record to show that the town of Butler had any authority to pass the ordinance whereon the plaintiffs rely to maintain their action, since the charter of the town of Butler was not introduced. Courts cannot take judicial cognizance of charters incorporating towns, as they may do of public statutes. 1 Greenleaf Ev., §§ 479, 480. It is only where an act of incorporation is declared to be a public act that courts will judicially notice it, as they will statutes of a public nature. *Bowie v. Kansas City*, 51 Mo. 454.

Judgment reversed and cause remanded. All concur.