MORRIS O'BRIEN, Respondent, v. WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 15, 1886.

1. PLEADING—CHARTERS AND ORDINANCES—CASE ADJUDGED.—In an action for the killing of stock within the corporate limits of the city of Macon, and alleging the violation of an ordinance of that City, regulating the running of trains; it was neither averred in the petition that the City of Macon was incorporated under a public law; nor was the title of the act of incorporation referred to, as by the statute provided; nor was the charter of said city offered or read in evidence. *Held*, there was no evidence of the power of the city to enact the ordinance in question. See *Wisdom v. Wabash, etc., Ry. Co.*, 19 Mo. App. 324.

2. ——— PUBLIC AND PRIVATE LAWS—RULES CONCERNING AS TO POWERS-CONFERRED.—Where a town is incorporated under a private law, it should be put in evidence to enable the court to determine what powers are conferred upon it; as, for instance, to justify it in passing particular ordinances. Where it is incorporated by a public law, the court will take judicial notice of its provisions, if pleaded properly.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

GEO. S. GROVER, for the appellant.

I. The charter of the City of Macon is a private act, and is not pleaded. Session Acts, 1872, 436; sect. 3549, Rev. Stat.; *Hopkins v. Railroad*, 79 Mo. 98; *Apitz v. Ry. Co.*, 17 Mo. App. 419; *Wisdom v. Ry. Co.*, 19 Mo. App. 324.

II. The court admitted incompetent testimony (*Apitz v. Ry. Co.*, *supra*), and excluded competent evidence. *Meyers v. Railroad*, 57 Iowa 555.

III. The contributory negligence of plaintiff barred his recovery. *Patton v. Railroad*, 14 Mo. App. 589;

*Milburn v. Railroad*, Sup. Ct. Mo., not reported; 20 Cent. Law Journal, June 19, '85. If the negligence of both parties contributed to produce the accident, there can be no recovery. *Packet Co. v. Vandergrift*, 34 Mo. 55; *Craig v. City of Sedalia*, 63 Mo. 417.

IV. The court gave improper and refused proper instructions. Those given were based on the theory that defendant's violation of the city ordinance entitled the plaintiff to verdict, overlooking the failure to show authority of the city to pass it. So the instructions refused correctly declared the law and were supported by the evidence.

SEARS & GUTHRIE, for the respondent.

I. Where the answer not only failed to deny certain facts, *but expressly admits them*, they become *indisputable*, on the trial, and evidence to disprove them will not be admitted. *Wright v. Butler*, 64 Mo. 166; *Kansas City Hotel Co. v. Sauer*, 65 Mo. 279; sect. 3545, Rev. Stat.

II. The presumption, under the pleadings, was in favor of the admissibility of the ordinance in evidence, and it was for the defendant to call the court's attention to the specific reason of its inadmissibility. *Lohart v. Buchanan*, 50 Mo. 201; *Hirt v. Hahn*, 61 Mo. 496; *Corner v. Thornhill*, 53 Mo. 283; *Baker v. Crandall*, 78 Mo. 584.

III. The question of contributory negligence was properly submitted by the instructions to the jury. *Austin v. Steamboat Co.*, 43 N. Y. 75; *Richmond v. Railroad* 31 Gratt. (Va.) 812; 1 Thompson on Negligence, sects. 8, 11; *Johnson v. Railroad*, 77 Mo. 546; *Owens v. Railroad*, 58 Mo. 386.

PHILIPS, P. J.—This is an action to recover the value of a mule, the property of plaintiff, killed by defendant's cars inside of the corporate limits of the City of Macon. The petition alleged that said City of Macon is, and was, at the time of the injury, and prior thereto,

duly incorporated under and by virtue of the laws of the state of Missouri; and that, by an ordinance adopted by it, December 12, 1878, railroad cars and engines were prohibited from running within the corporate limits of said town at a greater rate of speed than six miles an hour, and the bell on the locomotive was required to be rung at certain points and intervals. The injury is attributed to the violation of this ordinance by defendant.

The answer admitted the allegations of the petition respecting the incorporation of the City of Macon, and the passage of said ordinance.

At the trial, the defendant objected to the introduction of any evidence on the ground that the petition did not state facts sufficient to constitute a cause of action. This was overruled. Defendant also asked an instruction in the nature of a demurrer to the evidence, which was refused. Plaintiff recovered judgment, from which defendant prosecutes this appeal.

I. Under the decisions of the supreme court of this state, and of this court, this judgment cannot stand. It is neither averred in the petition that the City of Macon was incorporated under a public law, nor is the title of the act of incorporation referred to, as by statute provided, nor was the charter offered or read in evidence.

In the case of the *Inhabitants of the Town of Butler v. Robinson* (75 Mo. 192), the court, through Sherwood, J., say: "There is nothing in this record to show that the town of Butler had any authority to pass the ordinance whereon the plaintiffs rely to maintain their action, since the charter of the town of Butler was not introduced. Courts cannot take judicial cognizance of charters incorporating towns, as they may do of public statutes. 1 Greenl. on Evidence, sects. 479–480. It is only where an act of incorporation is declared to be a public act that courts will judicially notice it, as they will statutes of a public nature."

In *Apitz v. The Missouri Pacific Railway Company* (17 Mo. App. 426), this court say, through Hall, J.: "If the act incorporating the city of Moberly is a private,

and not a public law, the courts of this state cannot take judicial notice of its provisions, unless it be pleaded by its title, with reference to the date of its passage. Sect. 3549, Rev. Stat.; *State ex rel. v. Odle et al.*, 42 Mo. 214. The charter of the city of Moberly is a private, and not a public, act. The act of the general assembly, incorporating said city, contains no provision declaring said act to be a public act. We are constrained to follow the case of *The Town of Butler v. Robinson* (75 Mo. 192), and to hold that the said act is a private act, of which the courts of this state cannot take judicial notice, and which must be both pleaded and proved, unless it be pleaded by its title, with reference to the date of its passage. In this case that act is not so pleaded, and, therefore, it was necessary to prove it. This was not done. So there was no evidence of the power of the city to pass the ordinance in evidence."

In *Wisdom v. Wabash, St. Louis & Pacific Ry. Co.* (19 Mo. App. 354), this ruling is applied in reference to the charter of said City of Macon, wherein it is held that its charter is not declared by the legislature to be a public law. Laws of Mo., 1872, pp. 436–457. The petition here merely avers that the City of Macon is a corporation under the laws of the state. The answer only admits this allegation. But under what law or act was it incorporated? And what were the powers conferred on it by the act? Is it a public or private law? If a private law, it should have been put in evidence, to enable the court to determine whether it had authority to pass the ordinance relied on as the basis of recovery. If a public law, the court could take judicial notice of its provisions, if pleaded properly. To accomplish this, the petition should allege "that the act was done by the authority of such statute, or contrary to the provisions thereof, naming the subject matter of such statute, or referring thereto, in some general terms, with convenient certainty." Sect. 3550, Rev. Stat.

In *Bowie v. Kansas City* (51 Mo. 460), the court say : "When the existence of a corporation is admitted, *if a public corporation* within the state, and particularly in reference to municipal corporations, the courts are judicially informed of the laws regulating their organization, rights and duties, just as they are of all other public statutes.      The petition charges that the defendant is a municipal corporation, in the state of Missouri.      This is admitted by the answer, so that if I am right about *the law being a public one*, it was unnecessary for the defendant to particularly set forth in his petition the duties and obligations of the city," etc.

Therefore, it must follow that where the act of incorporation, as in the case at bar, is not a public act so declared, it was necessary for the plaintiff to set it forth in his petition by the requisite statutory reference, which is not done in this case.      See, also, *City of Hopkins v. K. C., St. Jo., etc., Railroad Co.*, 79 Mo. 100.

The judgment of the circuit court must, therefore, be reversed, and the cause remanded.      It is so ordered. All concur.