## CITY OF ST. LOUIS, Plaintiff in Error, v. JOSEPH BIPPEN.

**Division Two, March 5, 1907.**

1. **INFORMATION: In Language of Ordinance: Selling Milk.** An information which charges a defendant with violating a certain ordinance, and advises him of the time when, and the place where, and the manner in which, he had violated it, and of everything necessary to enable him to prepare to defend himself against the charge, is sufficient. In this case defendant was charged with carrying, controlling and exposing for sale milk which on analysis showed less than three per cent by weight of butter fat, in violation of a certain named ordinance.

2. **SPECIAL ORDINANCE: In Conflict With General Ordinances.** The Supreme Court does not take judicial notice of the ordinances of municipalities; and a charge that the special or-

dinance under which defendant is being prosecuted is in conflict with unrepealed general ordinances, cannot be considered, unless the court is advised as to what unrepealed general ordinance the special ordinance conflicts with.

3. **MILK ORDINANCE: Rule of Evidence.** The Milk Ordinance of St. Louis (sec. 18, Ord. 20808), does not prescribe a rule of evidence, nor is it too vague or indefinite to be enforced.

4. ——: **Constitutionality: Gains of Industry: Due Process of Law.** The Milk Ordinance of St. Louis, which prohibits the sale of milk unless it shows on analysis not less than three per cent by weight of butter fat, etc., is not unconstitutional as depriving a citizen of the enjoyment of the gains of his own industry, nor as depriving him of his liberty and property without due process of law.

Error to St. Louis Court of Criminal Correction.— *Hon. Hiram N. Moore,* Judge.

REVERSED AND REMANDED.

*Chas. W. Bates* and *Chas. P. Williams* for plaintiff in error.

This is a prosecution under Ordinance No. 20808, and the particular section involved is section 18 thereof. This is the section which was under consideration in the case of St. Louis v. Liessing, 190 Mo. 464. It is believed, after a careful examination and comparison of the record of the case at bar with the causes of: St. Louis v. Liessing, supra; St. Louis v. Grafeman Dairy Co., 190 Mo. 492, 507; St. Louis v. Schuler, 190 Mo. 524; St. Louis v. Polinsky, 190 Mo. 516; St. Louis v. Reuter, 190 Mo. 514, that every proposition raised by the motion to quash, in this case, has been settled adversely to the contentions of the defendant in error by this court.

*Wm. L. Bohnenkamp* for defendant in error.

BURGESS, J.—This is a prosecution by the city of St. Louis against the defendant for the violation of sec-

201 Sup—34

tion 18 of Ordinance 20808 of said city.    The defendant was convicted before the justice of the First District Police Court of the city of St. Louis, and sentenced to pay a fine of twenty-five dollars.    From this judgment defendant appealed to the St. Louis Court of Criminal Correction, where, upon motion filed by him, the complaint was quashed and the defendant discharged. Thereafter, in due time, the city sued out a writ of error, and brings this case to this court for review.

The complaint alleges that, "In the city of St. Louis and State of Missouri, on the 16th day of March, 1903, and on divers other days and times prior thereto, the said Joseph Bippen did then and there carry, control and expose for sale milk at Seventh and Park avenue, which said milk did show, on analysis, less than three per centum by weight of butter fat, the said butter fat being estimated gravimetrically by the Adams Paper Coil Process, contrary to the ordinance in such case made and provided."

In the motion to quash, the grounds assigned are as follows:

"1.    The information fails to set out facts sufficient to state a cause of action.

"2.    The information does not set out facts sufficient to inform and advise the defendant fully as to the charge he is to defend against.

"3.    The information is based upon city ordinance No. 20808, article ——, section ——, which is void because it is in conflict with other unrepealed general ordinances of the city of St. Louis.

"4.    The city ordinance on which the complaint is based is void because it prescribes a rule of evidence.

"5. The ordinance on which the complaint is based is too vague and indefinite to be enforced. ·

"6.    The ordinance forming the basis of the complaint is unconstitutional and void, because:·

"(a)    It deprives a citizen of the enjoyment of

the gains of his industry, contrary to article 2, section 4, of the Constitution of Missouri, and article 14 of the amendments to the Constitution of the United States.

"(b) It deprives persons of their property without due process of law, contrary to article 2, section 30, article 14, of the amendments to the Constitution of the United States."

This prosecution is for the violation of section 18 of Ordinance No. 20808 of said city, and is the same section upon which the prosecution was based in the case of the City of St. Louis v. Liessing, 190 Mo. 464. The said section is as follows:

"No milk shall be sold, kept, offered or exposed for sale, stored, exchanged, transported, conveyed, carried or delivered, or with such intent as aforesaid be in the care, custody, control or possession of anyone, unless it shows on analysis not less than three per cent by weight of butter fat, eight and five-tenths of one per cent ash, of which fifty per cent shall be insoluble in hot water: Provided, however, that in contested analysis of milk condemned under this ordinance, butter fat shall be estimated gravimetrically by the Adams Paper Coil Process; total solids by evaporation, and non-fatty solids by difference between total solids and butter fat, and ash by weighing the residue after incineration of total solids at a dull red heat until all the organic matter is destroyed. Any one violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars for each and every offense."

The information is sufficient. It charged the defendant with violating the ordinance, in the language thereof, and advised him of the time when, the place where, and the manner in which he had violated the ordinance, and of everything that was necessary in

order to enable him to prepare to defend himself against the charge preferred against him. Nothing more was necessary.

It is asserted that the ordinance is void because in conflict with other unrepealed general ordinances of the city. But we are not advised as to what unrepealed ordinances are referred to, and as we cannot take judicial notice of the ordinances of municipalities (City of St. Louis v. Roche, 128 Mo. 541, and authorities cited; St. Louis v. Liessing, supra), this point must be ruled against the defendant.

Nor is the ordinance upon which the complaint is based subject to the objection that it prescribes a rule of evidence, or that it is too vague and indefinite to be enforced. Besides, the last proposition is covered by what has been said with reference to the first and second grounds asigned in the motion to quash.

Another ground assigned in the motion to quash is that the ordinance is unconstitutional because it deprives a citizen of the enjoyment of the gains of his industry, contrary to article 2 of section 4 of the Constitution of Missouri, and article 14 of the amendments to the Constitution of the United States. As to the first assigned ground of unconstitutionality, that question underwent full discussion in the case of St. Louis v. Liessing, supra, and in an opinion by GANTT, J., in which all the members of the court concurred, the constitutionality of the ordinance was sustained. With respect to the contention that the ordinance is unconstitutional because repugnant to section 1, article 14, of the amendments to the Constitution of the United States, in that it deprives the defendant of his liberty and property without due process of law, it is sufficient to say that this identical question was passed upon in the said Liessing case, as well as in the case of St. Louis v. Grafeman Dairy Co., 190 Mo. 492, and the constitutionality of the ordinance upheld.

Our conclusion is that the judgment should be reversed and the cause remanded. It is so ordered. All concur.