Delores I. MULLEN, Trustee, et al., Appellants,

v.

ROBERTS AND ROBERTS REAL ESTATE, INC., a corporation, et al., Respondents.

No. KCD 28383.

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Motion for Rehearing and/or Transfer Denied May 2, 1977.

Haskell Imes, Kansas City, for appellants.

Sol M. Yarowsky and William J. Gilwee, Kansas City, for respondents.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

PER CURIAM.

The plaintiff trustee appeals from the dismissal of her petition by the trial court on the separate motions to dismiss by the defendants that a prior judgment entered on the same cause of action was res judicata to a subsequent proceeding on the same subject matter.

We gather from an imperfect transcript on appeal that a judgment had been rendered earlier in favor of defendants Roberts and Roberts Real Estate, Inc. in an action brought by Delores I. Mullen and Leo M. Mullen, her husband, in a cause identified as No. 75–6300 in the Circuit Court of Jackson County. That action [we are informed from the memoranda of counsel to the trial court on the motions to dismiss the subsequent action—made a part of the transcript] claimed recovery for fraudulent misrepresentation by defendants to plaintiffs of the acreage to be conveyed under a contract between them. That action was tried to a jury and resulted in a directed verdict for the defendants.

Within months Delores I. Mullen, as trustee for the benefit of the two minor children of her marriage to Leo M. Mullen, brought another action which pleaded—in gist—the authority of Leo M. Mullen to contract for property for the trust in the name of the trustee, that within the exercise of that authority he executed with defendants an offer to purchase certain real estate, that the defendants misrepresented the actual acreage of the parcel promised for conveyance, and prayed for actual and punitive damages. That action also brought in the Circuit Court of Jackson County, nominated Delores I. Mullen as trustee, etc. v. Roberts and Roberts Real Estate, Inc., et al., defendants, and was identified as No. CV75–3030.

The motions to dismiss, entry of judgment of dismissal against the plaintiff designated as a final order for the purpose of appeal, and the engagement of our jurisdiction followed.

The plaintiff makes three contentions on appeal: that the principle of res judicata does not apply where the parties in the suits are different or act in a different capacity; that the two cases involved different subject matter; and, that the exclusion of the contract by the trial court in the first action [brought in her individual capacity] because it was executed by the plaintiff in her representative capacity did not adjudicate such proof in the second action brought in her lawful capacity.

These contentions, however plausible, are not open to our review simply because the transcript is not adequate for that purpose. The record here presents the petition in case No. CV75–3030, but not in case No. 756300. There are the separate motions of the defendant here to dismiss subsequent cause No. CV75–3030 [and the memoranda of counsel] on the ground that the judgment for them in case No. 756300 estops the subsequent proceeding, but there is no authentic source of facts as to what the contentions were in the prior trial, or the proof on them. The contentions cannot be determined without reference to the pleadings in both litigations and the evidence in the first. The defendants, respondents here, have filed no brief to the contentions of the plaintiff and the pleadings and memoranda submitted with the motion to dismiss—and reported in the transcript—do not admit the contentions on appeal.

■■■ While it is apparent the designation of the plaintiff(s) is different in each case, the scope of res judicata transcends such nominal difference where the subject matters of both disputes are essentially the same. *Smith v. Preis,* 396 S.W.2d 636, 640[4–7] (Mo.1965). The doctrine of res judicata, whether applied as an estoppel by judgment, collateral estoppel, or as a more restrictive preclusion of issue, depends not only upon parties in privity by legal effect, but also upon the description and dimension

of the subject matter actually litigated within the pleadings. *Butler v. Manley,* 416 S.W.2d 680, 682[1, 2] (Mo.App.1967); *Hunter v. Delta Realty Co.,* 350 Mo. 1123, 169 S.W.2d 936, 939[6–10] (1943). We are denied access to these sources by a request for review which violates the requirement of Rule 81.12(b) that the "transcript on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court". Thus, we are denied informed opportunity to determine whether the plaintiff is entitled to litigate her claim as an issue not already precluded by the prior judgment, or to relitigate the issue for other valid reason. In the absence of stipulation, we take the record as we find it and confine our judgment to what it shows. *Rawlings v. Taylor,* 477 S.W.2d 737, 739[1] (Mo.App.1972).

The appeal is dismissed.