**CONSUMER CONTACT COMPANY,**
**Plaintiff-Appellant,**

v.

**STATE of Missouri, DEPARTMENT OF REVENUE, Defendant-Respondent.**

No. 61273.

Supreme Court of Missouri,
En Banc.

Jan. 15, 1980.

Robert W. Henry, Clayton, for plaintiff-appellant.

John Ashcroft, Atty. Gen., J. Kent Lowry, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

WELLIVER, Judge.

This appeal is from a judgment of the circuit court upholding the approval by the Department of Revenue ("Department") of certain sales tax assessments. Appellant alleges that the determination of the Department was not supported by competent and substantial evidence because no evidence of the existence and terms of alleged taxing ordinances on which the agency relied was introduced in the hearing before the agency. The case was transferred after opinion from the Court of Appeals, Eastern District, and we decide it as though on original appeal. Mo.Const. art. V, § 10. We find that the determination by the Department in this case is not supported by competent and substantial evidence. We reverse.

Appellant, Consumer Contact Company, is a corporation organized under Missouri laws, with its principal place of business being at 11039 Manchester Road in the City of Kirkwood in the County of St. Louis. Appellant sells small desk items, such as desk pads, pen sets, calendars, and clocks. Appellant's customers place their orders at appellant's business location, and the merchandise is shipped directly from appellant's out-of-state suppliers to appellant's customers located within Missouri.

An auditor of the Department performed a sales and use tax audit for the period from January 1, 1974 to December 31, 1975, on the books and records of appellant. The audit revealed that appellant collected and remitted state sales taxes on sales amounting to $987,707.00, but that appellant had made other taxable sales amounting to $20,-411.00 on which appellant had not collected and remitted state sales taxes. On this amount, the auditor calculated that appellant owed $612.33 in state sales taxes plus $151.59 in interest. The audit also disclosed that appellant had made sales amounting to $941,812.00 between January 1, 1974, and December 31, 1975, on which appellant had not collected the alleged 1% Kirkwood City Sales Tax or the alleged ½% St. Louis County Transportation Sales Tax. Accordingly, the auditor calculated that appellant owed $9,418.12 in Kirkwood City Sales Taxes plus interest of $1,320.12, and $4,709.07 in St. Louis County Transportation Sales Taxes plus interest of $660.08.

On April 22, 1976, the Sales and Use Tax Bureau of the Missouri State Department of Revenue levied an assessment against appellant for state sales tax, Kirkwood City Sales Tax, and St. Louis County Transportation Sales Tax in accordance with the auditor's findings. After an informal hearing held May 4, 1976, the Director of Revenue approved the assessments.

Appellant filed a petition for reassessment with the Department in accordance with § 144.240, RSMo 1978. Appellant alleged that the assessment was made on items not subject to the city or county sales taxes because the sales were not made in the City of Kirkwood or the County of St. Louis, that the city and county ordinances

did not provide for the payment of interest, that the statute of limitations on some of the subject sales had run, and that both the City of Kirkwood by a letter dated October 27, 1971, and the Missouri Sales Tax Division by a letter dated September 10, 1973, had instructed appellant that shipments from outside Missouri to buyers in Missouri but outside Kirkwood were not subject to the Kirkwood City Sales Tax.

At the hearing on the petition for reassessment held on July 22, 1977, the Department presented only one witness, Charles Jaegers, auditor for the Department. Mr. Jaegers testified that he made the audit of appellant's records and identified his audit report, which was introduced into evidence. He testified that appellant had made sales which in his opinion were made in the City of Kirkwood and County of St. Louis without collecting or remitting the Kirkwood City Sales Tax or the St. Louis County Transportation Sales Tax, and that the total assessment due from appellant was $16,- 871.31. The respondent offered no further evidence. Appellant declined to present evidence and promptly moved that the case be dismissed for failure to prove facts necessary to make a submissible case. The motion was overruled.

On August 31, 1977, the Department issued a final decision affirming the original assessment with the addition of $2,358.31 in updated interest charges. Appellant paid under protest the Kirkwood City Sales Tax of $9,418.12 plus interest of $1,320.12 and the St. Louis County Transportation Sales Tax of $4,709.07 plus interest of $660.08 and the updated interest of $2,358.31. Appellant paid without protest the state sales tax of $612.33 plus interest of $151.59.

On September 14, 1977, appellant filed in the Circuit Court of St. Louis County its petition for review of the decision of the Department of Revenue. Appellant alleged that

(a) The decision is unsupported by competent and substantial evidence upon the whole record in that there was no showing that a city sales tax existed or was properly enacted by the City of Kirkwood

nor that a transportation sales tax existed or was properly enacted by St. Louis County; and for the further reason that no evidence was presented concerning the ability to add interest to a city sales tax or a county transportation tax, if any such tax existed.

(b) The findings of fact and conclusions of law on which the decision is based are not supported by any substantial evidence.

The Circuit Court of St. Louis County entered its judgment on February 8, 1978, finding that the decision of the Department was supported by competent and substantial evidence on the record as a whole.

Appellant filed its notice of appeal on March 1, 1978. The transcript from the circuit court failed to include the findings of fact and conclusions of law of the Department. Appellant set out the Department's findings of fact and conclusions of law in its brief in the court of appeals. Respondent acknowledged in its brief that "[a] copy of the final decision appears on page 5 of Appellant's Brief."

The Court of Appeals, Eastern District, filed an opinion December 27, 1978, which would affirm the trial court's decision on the ground that since the findings of fact and conclusions of law were absent from the record, the appellate court could not determine whether the Department's order was supported by competent and substantial evidence. The court of appeals declined to treat the transcript as supplemented by the findings of fact and conclusions of law quoted in appellant's brief and admitted by respondent. Appellant's motion for rehearing or transfer to this Court was denied by the court of appeals on February 16, 1979. On April 11, 1979, an order was entered sustaining appellant's application to transfer the cause to this Court.

The answers to four questions are determinative of all issues: (1) are the findings of fact and conclusions of law of the Department before us on appeal; (2) is the evidence in the record sufficient to sustain the Department's order; (3) can the courts take judicial notice of city and county ordi-

nances; and (4) can we remand the case to the Department for the purpose of taking additional evidence?

I

■ In oral argument before this Court the parties were questioned extensively regarding the accuracy of the findings of fact and conclusions of law as set forth in the briefs. Their accuracy was conceded. We therefore will treat the transcript as supplemented by the findings of fact and conclusions of law of the Department as set out in full in appellant's brief. *In re Marriage of Schulz,* 583 S.W.2d 735, 737 n. 3 (Mo.App. 1979); *City of Perryville v. Brewer,* 557 S.W.2d 457, 460 (Mo.App.1977); *Rawlings v. Taylor,* 477 S.W.2d 737, 739 (Mo.App.1972).[1]

II

■ In determining whether administrative findings are supported by competent and substantial evidence upon the whole record, this Court may consider only the record that was before the administrative body. *Missouri Real Estate Commission v. Steger,* 509 S.W.2d 47, 49 (Mo.banc 1974); *State ex rel. Favazza v. Ketchum,* 367 S.W.2d 542, 546 (Mo.1963); *Gore v. Wochner,* 558 S.W.2d 333, 334 (Mo.App.1977); § 536.140.2, RSMo 1978; Rule 100.07(b)(3).

■ It is clear that the text of the ordinance is not in the evidence presented to the Department of Revenue. The Department thus has no evidence to support the existence or terms of the alleged ordinances. Without the ordinance in evidence, there is insufficient evidence in the record to sustain the findings of the Department.

*City of St. Louis v. Roche,* 128 Mo. 541, 31 S.W. 915 (1895). The reasoning of the cited case may be appropriately adapted to the instant case:

If there was any such ordinance as that described in the [assessment] it should have been introduced in evidence, without which there was no evidence to support the finding and judgment of the [agency]. The failure to read the ordinance in evidence did not go to the weight of the evidence merely, but without it there was an entire failure of evidence. Without it there is nothing upon which the judgment . . . can stand. It was the very foundation upon which the [assessment] was bottomed, and the only guide by which it could possibly be determined whether defendant[s sales were subject to] it or not, and which could not be determined otherwise than by its production in court, as a matter of evidence.

128 Mo. at 544, 31 S.W. at 916. Appellant has not stipulated to the existence, terms or applicability of the alleged taxing ordinances.

III

■ A court may not take judicial notice of the existence or contents of city or county ordinances. *General Motors Corporation v. Fair Employment Practices Division, etc.,* 574 S.W.2d 394, 400 (Mo.banc 1978); *Playboy Club, Inc. v. Myers,* 431 S.W.2d 228, 230 (Mo.1968); *City of St. Joseph v. Roller,* 363 S.W.2d 609, 611 (Mo.1963); *Queen of Diamonds, Inc. v. Quinn,* 569 S.W.2d 317, 319 (Mo.App.1978); *City of Rolla v. Riden,* 349 S.W.2d 255, 258 (Mo.App.1961).[2] As stated

1. Matters to which the counsel for the adverse party stipulates, agrees or concedes constitute an exception to the rule that the transcript may not be supplemented by extraneous matter in one party's briefs. *Pretti v. Herre,* 403 S.W.2d 568, 569 (Mo.1966); *Mullen v. Roberts and Roberts Real Estate, Inc.,* 550 S.W.2d 588, 590 (Mo.App.1977); *State ex rel. Freeze v. City of Cape Girardeau,* 523 S.W.2d 123, 127 (Mo.App. 1975); *City of Joplin v. Village of Shoal Creek Drive,* 434 S.W.2d 25, 28–29 (Mo.App.1968); *Baker v. Missouri National Life Insurance Co.,* 372 S.W.2d 147, 155 (Mo.App.1963); *City of Rolla v. Riden,* 349 S.W.2d 255, 257 (Mo.App.

1961); *Lubrication Engineers, Inc. v. Parkinson,* 341 S.W.2d 876, 879 (Mo.App.1961).

2. The rule that courts may not take judicial notice of ordinances has been stated by this Court in a score of cases dating back over 130 years, including: *Moss v. Wells,* 249 S.W. 411, 414 (Mo.1923); *Peterson v. United Rys. Co.,* 270 Mo. 67, 74, 192 S.W. 938, 940 (1917); *Kinney v. Metropolitan St. Ry. Co.,* 261 Mo. 97, 113, 169 S.W. 23, 26 (1914); *City of St. Louis v. Young,* 248 Mo. 346, 346, 154 S.W. 87, 87 (1913); *City of St. Louis v. Ameln,* 235 Mo. 669, 682, 139 S.W. 429, 432 (1911); *City of St. Louis*

in *City of St. Joseph,* "Without the ordinance before us, we do not know its terms or if in fact one was enacted." 363 S.W.2d at 611.

Respondent makes several arguments in its effort to circumvent the effect of the long established rule that the courts will not take judicial notice of city and county ordinances.

Respondent contends that there was no need for the Department to introduce evidence of the ordinances involved in the hearing before the administrative body, because the agency may take official notice of the "form" that city and county sales tax ordinances are required to take, if any are enacted, under §§ 94.500 to 94.570 and 94.-600 to 94.655, RSMo 1978, the same as courts take judicial notice of statutes. Respondent contends that the appropriate rates of taxation imposed by the alleged ordinances are supplied in this case by Jaeger's audit forms. Respondent also contends that the existence of the ordinances is presumed until disproved by the taxpayer because of the presumption that the Director of Revenue in administering the two alleged local sales tax ordinances acted in accordance with the law.

■ Respondent's argument must be rejected. Even if the agency took official notice of the statutes that authorize the enactment of local sales tax ordinances, this falls short of taking notice that the City of Kirkwood or the County of St. Louis actually enacted such ordinances. The mere fact that someone has been assessed a tax liability at a certain rate is no evidence of the existence of an ordinance imposing a tax at that rate. The taxing authority had the burden of proving that appellant had made sales that were subject to taxation under duly enacted ordinances. Proof of the ex-

istence and terms of the ordinances was indispensible to a finding of appellant's tax liability.

■ Respondent contends that because appellant's petition for reassessment before the Department hearing officer did not dispute the existence and validity of the ordinances, there was no duty on its part to introduce the ordinances. We know of no rule or statute that would require appellant to anticipate the respondent's failure at the review hearing to introduce the ordinances levying the taxes sought to be collected. Insufficiency of the evidence is a ground for judicial review apart from any other grounds asserted before the agency alleging that the assessment was erroneous. § 536.-140.2; Rule 100.07(b). The failure of respondent to introduce the ordinances was immediately raised by appellant in its petition for review timely filed in the Circuit Court of St. Louis County.

Nothing in the record persuades us that the long established precedent that courts will not take judicial notice of city or county ordinances should be disturbed or abandoned. Without the ordinances, there is not competent or substantial evidence to support the assessment of the taxes.

IV

In its reply brief in this Court, respondent suggests that if we find that the evidence is insufficient to support the findings of the Department, we should remand the case to the circuit court with instructions to return the case to the Department for consideration of additional evidence.

At the conclusion of the hearing before the agency, the following exchange took place between Hearing Officer House and appellant's attorney.

*v. Young,* 235 Mo. 44, 52, 138 S.W. 5, 7 (1911); *City of St. Louis v. Bippen,* 201 Mo. 528, 532, 100 S.W. 1048, 1049 (1907); *Bragg v. Metropolitan St. Ry. Co.,* 192 Mo. 331, 350, 91 S.W. 527, 532 (1905); *City of St. Louis v. Liessing,* 190 Mo. 464, 490, 89 S.W. 611, 617 (1905); *Bailey v. Kansas City,* 189 Mo. 503, 514, 87 S.W. 1182, 1186 (1905); *City of Tarkio v. Loyd,* 179 Mo. 600, 605, 78 S.W. 797, 799 (1904); *City of St.*

*Louis v. Roche,* 128 Mo. 541, 544, 31 S.W. 915, 916 (1895); *Givens v. Van Studdiford,* 86 Mo. 149, 159 (1885); *The Inhabitants of the Town of Butler v. Robinson,* 75 Mo. 192, 194 (1881); *State ex rel. Oddle v. Sherman,* 42 Mo. 210, 214 (1868); *Mooney v. Kennett,* 19 Mo. 551, 555 (1854); *Cox v. The City of St. Louis,* 11 Mo. 431, 432 (1848).

HEARING OFFICER HOUSE: I have no further evidence. Would you care to call a witness?

MR. HENRY: No; I move the case be dismissed because there has been no substantial proof of any fact. I just move it be dismissed.

HEARING OFFICER HOUSE: Well, I could certainly dismiss it, but it wouldn't do you any good. You best put some evidence on, as I assume you are going to appeal it, so when it does go to court, you have something to base your appeal on.

MR. HENRY: My appeal will be based on the fact that you didn't make a case. So, I don't choose to put on any evidence, and I guess that ends it.

HEARING OFFICER HOUSE: All right; it is all right with me. You will not have another opportunity for a hearing.

MR. HENRY: I am going to have an appeal.

HEARING OFFICER HOUSE: But your appeal is on the record and you have no record.

MR. HENRY: You have made no case.

HEARING OFFICER HOUSE: I certainly have.

MR. HENRY: Okay; we will find out.

The hearing officer explained to appellant's attorney with considerable emphasis that there would be no further opportunity in this case for the introduction of additional evidence. Ironic as it may now seem, the hearing officer correctly stated the law in this respect.

■ We are prevented from remanding the case with instructions to return it to the Department for further hearing by the language of § 536.140.4, RSMo 1978 and Rule 100.07(d). Neither statute nor rule permits courts to consider, or to direct the agency to consider on remand, additional evidence in

these circumstances. Where the reviewing court finds that there is competent and material evidence which was not presented in the administrative hearing, § 536.140.4, RSMo 1978 and Rule 100.07(d) authorizes the court to hear such additional evidence or to remand the case to the agency with directions to reconsider the facts in the light of such evidence *only* if the court finds either (a) the evidence could not have been produced in the exercise of reasonable diligence, or (b) the evidence was improperly excluded at the hearing before the agency.[3]

Evidence of the alleged taxing ordinances does not fall into either of the categories in which the consideration of additional evidence not in the record of the administrative hearing has been authorized. The ordinances were not "improperly excluded" in the hearing, because there was no attempt to offer the ordinances into evidence. It is equally clear that the exercise of reasonable diligence is not an issue because there was nothing to prevent introduction of the ordinances at the hearing.

For the reasons stated, the judgment is reversed and the taxes and interest paid under protest by appellant ordered refunded.

DONNELLY, RENDLEN, MORGAN and HIGGINS, JJ., concur.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, C. J.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent from the conclusion reached in the principal opinion reversing the judgment and ordering refund of the taxes and interest paid under protest.

---

3. For the principle that the two grounds authorized in terms in § 536.140.4 RSMo 1978 and Rule 100.07(d) are the only grounds on which we may remand a case to the agency or to the trial court for hearing of further evidence, see the interpretation given the similar provision in Cal.Civ.Proc.Code § 1094.5 (West 1955) in *City of Fairfield v. Superior Court of Solano County,* 14 Cal.3d 768, 774–75, 122 Cal.Rptr. 543, 546–47, 537 P.2d 375, 378–79 (1975); *California v. Superior Court of Orange County,* 12 Cal.3d 237, 257, 115 Cal.Rptr. 497, 510, 524 P.2d 1281, 1294 (1974); *Wilke and Holzheiser, Inc. v. Dept. of Alcoholic Beverage Control,* 65 Cal.2d 349, 376, 55 Cal.Rptr. 23, 41, 420 P.2d 735, 753 (banc 1966).

The principal opinion reverses the judgment of the circuit court which upheld the determination of the Department of Revenue and orders a refund of taxes paid under protest on the grounds that the Kirkwood and St. Louis County sales tax ordinances were not placed in evidence in the administrative hearing.

I agree that the ordinances mentioned were not formally placed in evidence in the hearing before an official of the Department of Revenue. In my opinion, the failure to place those ordinances in evidence is not an appropriate basis for outright reversal of the circuit court judgment upholding the assessment because the existence of the Kirkwood ordinance and the St. Louis County ordinance was not questioned by the taxpayer and the terms of those ordinances are specifically mandated by laws of the state of Missouri. See § 94.510, et seq., RSMO 1969, and § 94.605, et seq., RSMo Supp.1973.

The sequence of events leading up to the taxpayer's petition for reassessment has been set forth in the principal opinion. The petition for reassessment filed by the taxpayer appears in the taxpayer's brief. The petition for reassessment nowhere questions the existence of a Kirkwood city sales tax ordinance nor a St. Louis County transportation sales tax ordinance. Section 144.240, RSMo 1969, the statute in effect at the time these transactions took place, requires that "[e]ach such petition [petition for reassessment] filed with the director of revenue shall set forth *specifically* and in *detail* the grounds upon which it is claimed the assessment is erroneous." (Emphasis supplied.)

The taxpayer's "Petition for Reassessment" [1] sets forth the specific grounds upon which the taxpayer seeks reassessment. Nowhere does the taxpayer claim that Kirkwood or St. Louis County failed to enact the applicable tax, but rather the petition proceeds on the premise that both jurisdictions have enacted a sales tax. It seems quite clear from the petition itself that the taxpayer's petition for reassessment was directed to such questions as whether or not the sales took place in a taxable situs, *whether or not Consumer*

1. Comes now Consumer Contact Co. and, in accordance with Section 144.240 of the Revised Statutes of Missouri, hereby petitions the Director of Revenue, Bureau of Sales Tax to reassess assessment number 10798 in the amount of $16,871.31 for the period of January 1, 1974 to December 31, 1975 for the following reasons:

1. The assessment is made on items not subject to the Kirkwood City Sales Tax nor the St. Louis County Transportation Sales Tax because (a) the merchandise was purchased outside the State of Missouri and was being stored for delivery to purchasers outside the State of Missouri; (b) the items in question were not sales by Consumer Contact Co.; (c) the items in question were purchased outside the State of Missouri for delivery to buyers outside the State of Missouri; (d) the items were purchased outside the State of Missouri for delivery to purchasers outside the City of Kirkwood and outside the County of St. Louis; (e) the items were the subject matter of a use tax which was paid and the Kirkwood ordinance and the St. Louis County Transportation Tax concerning sales tax do not cover the situation wherein use taxes are paid; (f) the items in question never obtained a taxable situs with respect to the Kirkwood City's sales tax nor the St. Louis County Transportation Sales Tax.

2. The assessment levies interest on allegedly due sales tax for the City of Kirkwood and the City ordinance enacting said sales tax contains no provision for interest.

3. The assessment levies interest on allegedly due St. Louis County Transportation Sales Tax but contains no provision for interest.

4. Section 1 of ordinance number 5396 of the City of Kirkwood taxes sales made within the City of Kirkwood and the items in question were not sold within the City of Kirkwood.

5. That on October 27, 1971, the City of Kirkwood issued its directive to consumer Contact Co. stating that shipments made from a location outside the State of Missouri to a consumer outside the City of Kirkwood would not be subject to the City of Kirkwood sales tax and petitioner has relied on this directive, which said directive was never countermanded by the City to. petitioner. A copy of this directive is attached hereto marked Exhibit "A."

6. On September 10, 1973, Mr. Probst of the Missouri Sales Tax Division instructed petitioner that shipments originating outside the State of Missouri being dropped-shipped to customers in Missouri but outside the City of Kirkwood were not subject to Kirkwood sales taxes and such instructions were never countermanded by the State in a directive sent to petitioner and petitioner has relied upon said instructions.

7. That the statute of limitations prevents any collection of sales taxes prior to two years from the date the assessment was made.

Contact Company made the sales, and where were the places of purchase and delivery. Indeed, paragraph number 4 of taxpayer's petition for reassessment affirmatively alleges that "Section 1 of ordinance number 5396 of the City of Kirkwood taxes sales made within the City of Kirkwood and the items in question were not sold within the City of Kirkwood." Additionally, paragraphs 5 and 6 of the petition for reassessment affirmatively alleged the existence of a City of Kirkwood sales tax. In these circumstances, I do not agree that it was necessary in this type of proceeding to prove the existence of an ordinance where the taxpayer himself alleges the existence of that very ordinance.

The tax rate mandated by state statute must be either one-half of one percent or one percent. Section 94.605.4, RSMo Supp. 1973, and § 94.510.2, RSMo 1969. However, this is not an issue in this petition for reassessment. The terms of the ordinances are mandated by the enabling acts passed by the legislature. Section 94.600, et seq. (transportation sales tax); § 94.500 (city sales tax). Consequently, the terms of the law applicable to the transportation tax of St. Louis County and sales tax of Kirkwood are necessarily contained in the state statutes of which we can take judicial notice.

For the foregoing reasons, I dissent from the decision of this Court to reverse the judgment of the circuit court and to order a refund of taxes paid under protest.

Furthermore, I would affirm the circuit court judgment in the matter for the following reasons. The petition for reassessment set forth supra attacks the assessment made against the taxpayer on the specific allegations that the sales taxed did not take place within the taxable jurisdiction, seeks to avoid the tax because of the place or the manner in which a transaction took place, and questions whether or not the transaction was a sale. That is the entire theory upon which the petition for reassessment proceeds. The points in the petition for reassessment were addressed by the administrative agency's findings of fact and conclusions of law, and upheld by the circuit judge.

On this appeal the taxpayer limits its contentions to a single point which is that the circuit court erred in upholding the decision of the Director of Revenue because the sales tax ordinance of the City of Kirkwood and the St. Louis County transportation sales ordinance and certain administrative rules or regulations relied on by the City of Kirkwood or the County of St. Louis were not introduced in evidence before the administrative agency. I have addressed that question initially in this dissent and, in my opinion, it was not necessary for those ordinances to be introduced formally into evidence in this case. I would therefore overrule the appellant's single point and consequently affirm the judgment of the circuit court.

For the foregoing reasons I dissent.