Howard C. ORDO, D.D.S., Respondent,

v.

MISSOURI DENTAL BOARD,
Appellant.

Nos. WD 35825, WD 36152.

Missouri Court of Appeals,
Western District.

April 16, 1985.

Dennis K. Hoffert, St. Louis, for appellant.

Robert Frager, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

BERREY, Judge.

Howard C. Ordo is a practicing dentist who entered into a contract with Alexus Administrative Services, Inc., a general business corporation. The Missouri Dental Board (hereinafter MDB) filed a complaint against Ordo as a result of his contract with Alexus. The MDB and Ordo entered into a "Joint Stipulation of Facts" and requested the Administrative Hearing Commission of Missouri (hereinafter AHC) to render its Findings of Fact. As a result of the AHC's Findings of Fact, MDB suspended Dr. Ordo's license to practice dentistry for one (1) year and placed him on five (5) years probation.

Dr. Ordo subsequently filed a Petition for Judicial Review in the Circuit Court of Jackson County, Missouri. The circuit court reversed the decision of MDB and discharged Dr. Ordo. The timely filed post-trial motions of MDB were overruled.

MDB appealed to this court and subsequently the respondent was granted leave to file his cross-appeal from the decision of MDB.

MDB filed a complaint against Dr. Ordo on March 18, 1982, alleging that on July 8, 1981, Dr. Ordo entered into an agreement to provide general dental services with Alexus Administrative Services, Inc., a general corporation. MDB claimed this was unprofessional conduct in violation of § 332.321.1(2)(f),[1] and that as a result of the agreement with Alexus, Ordo was fee splitting contrary to § 332.321.2(6) and assisting an unlicensed corporate entity to practice dentistry thereby doing violence to § 332.321.1(2)(d).

---

1. All statutory references are to RSMo 1978. Section 332.321 was superceded in 1981 and again in 1983, but those enactments were subsequent to Ordo's complained of actions and are inapplicable in the instant case. MDB has acknowledged this by filing its complaint with reference to § 332.321 as it existed in 1978.

The parties entered into a "Joint Stipulation of Facts" wherein they stipulated that the agreement Dr. Ordo entered with Alexus was prepared by a duly licensed Missouri attorney, and that the attorney for Dr. Ordo had consulted with the legal jurisprudence professor at the University of Missouri-Kansas City Dental School as to the legality of said contract, and that the agreement was in compliance with Chapter 332, RSMo.

Despite this stipulated fact the AHC commissioner in his Findings of Fact found that "after said consultation, the attorney advised respondent of the merits of the agreement." Such a finding is not supported by the stipulation.

The AHC did not address the untimely and unseemly delay between the MDB's notice of this agreement on August 8, 1981, and the filing of the complaint on March 18, 1982. The parties further stipulated that an agreement "essentially identical in material and relevant provisions" with the agreement in question was previously used between Dr. Ordo and Wayne Minor Dental Center and is presently used by said "medical center."

The fact that the MDB is permitting others to operate under similar agreements suggests condonation of this type of agreement in certain instances by MDB. The Findings of Fact by the AHC acknowledge that this agreement is "Substantially similar to other contracts currently in operation in this state." The parties further stipulated that prior to the MDB filing its formal complaint Dr. Ordo had altered his business relationship with Alexus so as to conform with Chapter 332, RSMo, a fact overlooked by the AHC.

The execution of the agreement between Alexus and Ordo was not in itself a violation of law, nor can it be inferred that because Ordo later altered his business dealings with Alexus that he had, in fact, performed under the agreement.

The stipulation between Dr. Ordo and the MDB is silent as to any act by Dr. Ordo to perform the agreement. There is no evidence that Dr. Ordo did any dental service under the agreement or that he was paid any salary by Alexus. The Findings of Fact by the AHC are also void of any reference to the performance by Ordo under the agreement or of payment to him for dental services rendered.

It is the performance of the terms of the agreement that makes actionable the conduct. Conclusions unsupported by facts, evidence, or in this case, the Joint Stipulation are not sufficient to justify a determination of wrong doing on the part of Dr. Ordo.

The findings of the AHC and the MDB are not supported by competent and substantial evidence based upon the whole record, as required by the holding in *State Board of Registration for Healing Arts v. Finch*, 514 S.W.2d 608, 616 (Mo.App.1974).

Furthermore, the failure of the MDB to obtain a stipulation or present evidence that establishes Dr. Ordo's performance of the agreement is a critical deficiency. In *Consumer Contact Co. v. State Dept. of Rev.*, 592 S.W.2d 782, 786 (Mo. banc 1980), the court noted that the failure of the State to introduce city and county ordinances was fatal as the court could not take judicial notice of them. The department offered no evidence to support the existence of the alleged ordinance and without the alleged ordinance in evidence there was not sufficient evidence in the record to sustain the department's ruling. The decision of the trial court upholding the Department of Revenue's ruling was reversed.

In the instant case there is not sufficient evidence in the record to establish that Dr. Ordo ever performed under the terms of the agreement or received monies under the agreement. "In determining whether administrative findings are supported by competent and substantial evidence upon the whole record, this court may consider only the record that was before the administrative body." *Consumer Contact Co., supra,* 785; *Barnes Hospital v. Missouri Commission on Human Rights*, 661 S.W.2d 534, 535-6 (Mo. banc 1983).

The judgment of the circuit court reversing the decision of MDB is sustained. However, the judgment of the circuit court discharging Dr. Ordo is reversed as having been improvidently entered. The entire cause is remanded to the circuit court with directions to remand the cause to the AHC with directions to set aside its ruling and with further instructions to thereafter remand the cause to the MDB to dismiss its complaint against Dr. Ordo.

All concur.